[No. 3,372.]

## PEOPLE *v.* McGUIRE.

TESTIMONY OF MONGOLIAN OR CHINESE.—The testimony of a Chinese or Mongolian witness, is not admissible under existing law against a white person. After the 1st of January, 1873, when the Codes take effect, no witness will be excluded in any case on account of nationality or color.

EFFECT OF SUPREME COURT DECISIONS UPON INFERIOR COURTS. —*Nisi prius* Courts are not at liberty to set aside or disregard the decisions of the Supreme Court because it may seem to them that the decisions are unsound.

APPEAL from the County Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Harrison Chick*, for Appellant.

*Attorney General Love* and *D. J. Murphy, District Attorney,* for Respondents.

By the COURT:

The defendant, a white man, was indicted for the crime of assault with intent to commit murder, alleged to have been committed upon one Sam Wah, a native and subject of the Empire of China, residing in this State.

On the trial the said Sam Wah was called as a witness on the part of the people, and permitted by the Court, against the objections of the defendant, to give material testimony in the case.

The defendant, having been convicted, prosecutes this appeal.

In *The People* v. *Brady*, 40 Cal. 198, it was held by this Court, one of the Justices dissenting, that the statute of this State, which forbids that any "Mongolian or Chinese shall be permitted to give evidence in favor of or against any white man," was not repugnant to the Fourteenth Amendment to the Constitution of the United States.

The Court below assumed to disregard this decision, and we are now asked to reconsider and overrule it.

Since the decision was made, the Legislature, by the passage of the Codes, has repealed all laws which exclude Chinamen from testifying in actions to which white men are parties. The Codes will be in full force on the first of January next; and thereafter no witness will be excluded in any case on account of nationality or color. There is, therefore, now left very little, and after the Codes take effect there will be no practical importance to the question whether that decision is right or wrong.

In view of the circumstances and of the pressure upon our time, whatever might be our opinion, if it were important to enter again upon the discussion, we decline to review that case, or to consider the questions therein passed upon as open ones in this State.

But if it were conceded that an incorrect result was reached in that case, still it would not justify the ruling of the Court below in this case. *Nisi prius* Courts are not at liberty to set aside or disregard the decisions of this Court because it may seem to them that the decisions are unsound.

Until reversed or modified by this Court, its decisions must be accepted by all inferior tribunals.

Judgment reversed and cause remanded for new trial.