[Crim. No. 4169. First Dist., Div. One. Mar. 1, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LLOYD MEYERS, Defendant and Appellant.

Alvin G. Buchignani for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, Robert R. Granucci and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

MOLINARI, J.—This is an appeal from a judgment of conviction on a charge of attempting to receive stolen property. (Pen. Code, § 664.)

### The Record

The facts are undisputed. The appellant approached an employee of the Pacific Telephone and Telegraph Company (hereinafter referred to as Telephone Company), and sought to purchase from him certain confidential listings of new telephone subscribers for the San Francisco and Los Angeles areas. These lists are supplements to the telephone directory. The employee informed his superiors of his conversation with the appellant and was advised to tell the appellant that another employee might be willing to make the sale. The other employee, who in reality was a special agent for the Telephone Company, thereupon arranged to meet the appellant in the latter's hotel room where the agent handed an envelope containing a set of such daily supplements to the appellant, who in turn handed the agent the sum of $500. The appellant was thereupon arrested.

The special agent testified that the particular supplements which were handed to the appellant could not be gained for any purpose by anyone from the Telephone Company without having them stolen from said company. The record also discloses that in a previous conversation with the appellant the special agent on two occasions reminded the former that the contemplated act was a felony, and in each instance the appel-

lant responded that he was aware that it was; that he had engaged in a similar operation elsewhere; that "he had not been caught yet, and did not plan on it in the near future."

The appellant waived a trial by jury. The matter was, by stipulation, submitted to the court upon the basis of the proceedings before the grand jury, the evidence presented before said body, and upon the entire file, including the pleadings. Additionally, a written stipulation was entered into by and between counsel for the People and the attorney for the appellant "that the telephone lists which are the subject matter of the within case were not stolen property at the time of the acts complained of nor at any previous time thereto." The appellant was thereupon found guilty and the court rendered its judgment.

### The Question

Can the appellant be guilty of an attempt under the facts of this case?

### Appellant's Contention

The thrust of the appellant's argument on appeal is that he could not be guilty of an attempt because the acts committed by him could not result in a completed crime. ▮ He recognizes the holding in the recent cases of *People* v. *Rojas* (1961) 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921], and *Faustina* v. *Superior Court* (1959) 174 Cal.App.2d 830 [345 P.2d 543], which hold, in essence, that the crime of attempt to receive stolen property may be committed even though the goods in question do not have the status of stolen property, but seeks to distinguish the *Rojas* and *Faustina* cases from the instant one on the basis of the difference between physical impossibility and legal impossibility. *Rojas* and *Faustina,* says he, involve factual situations presenting physical impossibility, while the facts in the present case call for an application of the doctrine of legal impossibility in the law of attempts.

### The Rule of Rojas and Faustina

In *Faustina,* tires were stolen from a tire company. The thief was thereafter arrested with the tires in his possession. He told the arresting officers, who took possession of the tires, that he was taking them to sell to the defendant. At the suggestion of the officers the thief proceeded with his plans and completed the sale to the defendant. The reviewing court held that under this state of facts there was an attempt to receive stolen property. In doing so the court specifically rejected the rule announced by *People* v. *Jaffe,* 185 N.Y. 497 [78 N.E. 169,

7 Ann. Cas. 348, 9 L.R.A. N.S. 263]. *Jaffe* holds, under facts similar to those in *Faustina,* that because the merchandise had lost its character as stolen merchandise before it was purchased by the defendant it was not "stolen," and hence the defendant could not be convicted of an attempt to receive stolen property even though he thought it was stolen and intended to purchase it as stolen property. *Faustina* relied on *People* v. *Camodeca,* 52 Cal.2d 142 [338 P.2d 903], a case where a defendant sought to obtain $720 from the purchaser of a bar by falsely representing that he could "fix" certain violations against the bar. There were no reported violations, in fact, but the purchaser believed the misrepresentation and attempted to raise the money. Being unable to raise the money, the purchaser went to the district attorney. A meeting with the defendant was thereupon arranged, wherein the defendant was to receive the money. The conversation between the defendant and the purchaser at said meeting was recorded by the police. In the said conversation the purchaser told the defendant that he was unable to raise the money, whereupon defendant represented that he had already paid the bribe money to certain officials in Sacramento and made certain threats to the purchaser to secure from him the bribe money. The defendant was thereupon arrested and was subsequently convicted of attempted grand theft and attempted extortion. The contention was there made that at the time the direct ineffectual act necessary to constitute an attempt was made, i.e., at the last meeting, the purchaser was no longer deceived and did not rely on the misrepresentations. In rejecting this contention the court held that, in a prosecution for attempted grand theft by false pretenses, it is not necessary that the defendant's intended victim be deceived by the falsity of the representations made to him. ▆▆ The rationale of the holding in *Camodeca* is that one of the purposes of criminal law is to protect society from those who intend to injure it, and that when it is established that a defendant intended to commit a specific crime and that in carrying out this intention he committed an act that caused harm or sufficient danger of harm, it is immaterial that for some collateral reason he could not complete the intended crime. The court recognized that while the law does not impose punishment for guilty intent alone, it does impose punishment when guilty intent is coupled with actions that would result in a crime but for the intervention of some fact or circumstance unknown to the defendant. The court went on to say: "In the present case there was not a legal but

only a factual impossibility of consummating the intended offense, i.e., the intended victim was not deceived." (P. 147.)

The facts in *Rojas* were similar to those in *Faustina.* *Rojas* approves the rule of *Faustina* and *Camodeca* and rejects that of *Jaffe*. ▮▮▮ *Rojas* holds that the criminality of the attempt is not destroyed by the fact that the goods, having been recovered by the police, had, unknown to the defendant, lost their "stolen" status. "Here," says the court, "the goods did not have the status of stolen property and therefore defendants, although *believing* them to be stolen, could not have had *actual knowledge* of that condition." (P. 257.) The holding of *Rojas* turns upon intent. It distinguishes between what a person actually does and his intent. The court noted: " 'Intent is in the mind; it is not the external realities to which intention refers. The fact that defendant was mistaken regarding the external realities did not alter his intention, but simply made it impossible to effectuate it.' " (P. 257; quoting Hall, General Principles of Criminal Law (1947) p. 127.)

### The Rule of Rojas and Faustina Applies

The appellant distinguishes *Rojas* and *Faustina* from the present case on the basis that in those cases the goods *had* been stolen, then recovered, and finally received by the actor, while in the instant case the goods had never been stolen. In *Rojas* and *Faustina*, says the appellant, we have a physical intervening force, hence, a physical impossibility; in the present case, says he, the impossibility is a legal one. The essential legal ingredient that the goods be stolen, asserts the appellant, is completely missing from the very beginning in the instant case. Therefore, contends the appellant, it would be legally impossible to commit the crime of receiving stolen property as defined in Penal Code section 496 (which requires as one of its essential elements that the property be stolen), and, therefore, *a priori*, it would be legally impossible to attempt the commission of an offense which could not be a crime.

*Camodeca* indicates that the fact that the intended victim was not deceived created a *factual* impossibility of consummating the intended offense rather than a legal impossibility. By analogy, the fact that goods are not in fact stolen in an attempted theft case would likewise create a factual impossibility. The conclusion reached by the appellant that there exists a legal impossibility is reached by reason of a reliance upon authorities from other jurisdictions which are not in harmony with the California rule. The rationale of such authorities is

stated in *Jaffe* thusly: "If all which an accused person intends to do would if done constitute no crime it cannot be a crime to attempt to do with the same purpose a part of the thing intended." (P. 501.) (See Smith, *Two Problems in Criminal Attempts* (1957) 70 Harv.L.Rev. 422, 439.)

The rule of the *Jaffe* case, upon which the appellant apparently relies, is not, as we have pointed out above, the California rule. ▮▮▮ The courts of this state have not concerned themselves with the niceties of distinction between physical and legal impossibility, but have focused their attention on the question of the specific intent to commit the substantive offense. The hypothesis of the rule established in this state is that the defendant must have the specific intent to commit the substantive offense, and that under the circumstances, as he reasonably sees them, he does the acts necessary to consummate the substantive offense; but because of circumstances unknown to him, essential elements of the substantive crime are lacking. (*People* v. *Rojas, supra,* p. 257; see *People* v. *Lavine,* 115 Cal.App. 289, 300-301 [1 P.2d 496]; see also 61 Colum.L. Rev. 571, 578.) It is only when the results intended by the actor, if they happened as envisaged by him, would still not be a crime, then and only then, can he not be guilty of an attempt. ▮▮▮ In the present case although the lists did not have the status of stolen property, and the defendant did not have actual knowledge that they were not stolen, he *believed* them to be stolen, and pursuant to such belief he did the acts that would have been necessary to consummate the substantive offense of receiving stolen property. We not only have present the state of mind alluded to in *Rojas* and *Faustina,* but we have the dangerousness demonstrated by such a state of mind discussed in *Camodeca.*

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1963.