[Civ. No. 42386. Second Dist., Div. Three. Oct. 16, 1973.]

CHARLES PETER LUPO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, William V. Larsen and Richard A. Curtis, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**FORD, P. J.**—By an information petitioner Lupo was accused of the crime of attempt to receive stolen property. His motion to set aside the information on the ground that he was committed without reasonable or probable cause (Pen. Code, § 995) having been denied, petitioner seeks a writ of prohibition pursuant to the provisions of Penal Code section 999a.

The transcript of the preliminary hearing shows that a deputy sheriff, acting in an undercover capacity and accompanied by an informer, sold petitioner items of personal property which had been stolen but had been recovered. There was evidence to sustain the inference that petitioner believed that he was buying stolen property and, accordingly, that he had the requisite specific intent to commit the crime of receiving stolen property. No relationship between the thief or thieves and petitioner was shown.

On behalf of petitioner it is stated that the question to be resolved is whether the crime of attempting to receive stolen property is committed "where the property involved has been recovered by the police, not from a thief who is engaged in a criminal enterprise with a receiver of goods such

that the proceeds of the thief's labors would find their way to the receiver's hands but for the fortuitous intervention of the police, but rather from an unknown thief who has absolutely no connection with the accused receiver and which goods would not have found their way into the receiver's hands but for the active participation of the police in placing them there."

It is petitioner's position that under the reasoning of *Young* v. *Superior Court*, 253 Cal.App.2d 848 [61 Cal.Rptr. 355], the evidence introduced at the preliminary hearing does not show an attempt to receive stolen property. But before turning to the *Young* case, other cases which preceded *Young* will be discussed.

In *People* v. *Rojas*, 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252], the thief, Hall, was apprehended and the stolen goods recovered by the police. The thief told the police that he had an understanding with defendant Hidalgo that he would buy any and all electrical appliances or materials that Hall could obtain. The thief telephoned Hidalgo from the police station and made an arrangement for the purchase by Hidalgo of the property which had been stolen. The transaction, in which defendant Rojas participated with Hidalgo, was completed under police surveillance. In holding that the crime of attempting to receive stolen property had been committed by Hidalgo and Rojas, the Supreme Court rejected the reasoning of *People* v. *Jaffe*, 185 N.Y. 497 [78 N.E. 169], that in such a situation, involving stolen property that had been recovered, there was no attempt to receive stolen goods "because neither . . . [defendant] nor any one in the world could know that the property was stolen property inasmuch as it was not, in fact, stolen property" and "[i]f all which an accused person intends to do would if done constitute no crime, it cannot be a crime to attempt to do with the same purpose a part of the thing intended." Our Supreme Court held that the criminality of the attempt was not destroyed by the fact that the goods, having been recovered by the police, had, unknown to the defendants, lost their "stolen" status. That determination was based on reasoning that the defendants had the specific intent to commit the substantive offense and, under the circumstances as the defendants reasonably saw them, they did the acts necessary to consummate the substantive offense; but because of circumstances unknown to the defendants, essential elements of the substantive crime were lacking.

*People* v. *Meyers*, 213 Cal.App.2d 518 [28 Cal.Rptr. 753], presented a factual situation in which the personal property had not been stolen but the defendant who received it believed that it had been wrongfully obtained from the owner. The defendant approached an employee of the telephone

company and sought to purchase from him certain confidential listings of new telephone subscribers in two metropolitan areas. The employee informed his superiors of the conversation and he was advised to tell the defendant that another employee might be willing to make the sale. The other employee, who was a special agent for the telephone company, arranged to meet the defendant in the latter's hotel room, where the agent handed to the defendant an envelope containing confidential listings and defendant paid the agent the sum of $500.

In *Meyers* the appellate court rejected the defendant's contention that he could not be guilty of an attempt to receive stolen property because the acts committed by him could not result in a completed crime. The defendant argued that *Rojas* was distinguishable from his case because *Rojas* involved a factual situation presenting physical impossibility whereas his case presented facts calling for the application of the doctrine of legal impossibility in that an essential element of the substantive crime is that the property be stolen and, therefore, it would be legally impossible to attempt the commission of an offense which could not be a crime.

In *Meyers* the court declined to accept defendant's reasoning, stating (213 Cal.App.2d at p. 523): "The courts of this state have not concerned themselves with the niceties of distinction between physical and legal impossibility, but have focused their attention on the question of the specific intent to commit the substantive offense. The hypothesis of the rule established in this state is that the defendant must have the specific intent to commit the substantive offense, and that under the circumstances, as he reasonably sees them, he does the acts necessary to consummate the substantive offense; but because of circumstances unknown to him, essential elements of the substantive crime are lacking. [*Rojas* and other citations.] It is only when the results intended by the actor, if they happen as envisaged by him, would still not be a crime, then and only then, can he not be guilty of an attempt.

"In the present case although the lists did not have the status of stolen property, and the defendant did not have actual knowledge that they were not stolen, he *believed* them to be stolen, and pursuant to such belief he did the acts that would have been necessary to consummate the substantive offense of receiving stolen property."

In *People* v. *Parker,* 217 Cal.App.2d 422 [31 Cal.Rptr. 716], the factual stituation was akin to that in *Meyers,* the property involved being confidential listings of new telephone subscribers. The arrangement made between district attorney's investigators and the defendant, with the knowl-

edge of the telephone company, was that the listings would be made available to the defendant for a period of approximately an hour or an hour and a half so that the defendant could photograph them and then return them. On a number of occasions the listings were delivered to the defendant, for which he paid sums of money in cash.

In affirming the judgment of conviction of the crime of attempting to receive stolen property, in *Parker* the court stated (217 Cal.App.2d at pp. 427-428): "It is true that, under the circumstances here where the alleged employee did not comply with defendant's larcenous scheme, the supplements [containing new listings] were not stolen. As above noted, the supplements were delivered by the company's special agent to the prosecution's investigator who delivered them to the defendant. The evidence herein was sufficient, however, to show that defendant believed that the supplements had been stolen, that he intended to receive them under such belief, and that he did receive and pay for them under that belief. The fact that the supplements had been delivered to the investigator by the telephone company and were not in fact stolen was an extrinsic fact unknown to defendant. Such unknown extrinsic fact, however, is not necessarily a basis for a determination that defendant did not attempt to commit the crime which he intended to commit."

The case upon which petitioner places reliance for his position, *Young* v. *Superior Court,* 253 Cal.App.2d 848 [61 Cal.Rptr. 355], involved property which had not been the subject of theft, but the petitioner Young believed that it had been stolen. A deputy district attorney and a police officer placed two television sets and a portable record player, all three items being the property of the City of Stockton, into the attorney's station wagon and covered them with a blanket. Pursuant to a prearranged plan, a special investigator for the Department of Alcoholic Beverage Control and an informer sought out Young at a bar owned by him and informed him in the vernacular that they possessed stolen goods. Ultimately Young purchased the goods and was arrested.

In *Young* the court stated (253 Cal.App.2d at pp. 852-853): "In *Rojas*, one of the defendants had what amounted to a standing order with one Hall to buy stolen electrical equipment from him. Hall stole certain conduits to fill that order. He was arrested with the conduits in his possession before he could consummate the transaction with the defendants. He then implicated defendants, and the police induced him to continue negotiations with defendants and effect a 'sale' of the conduits. He did so, defendants were caught and convicted both of receiving stolen goods and, separately,

of an attempt. The latter conviction was affirmed on appeal, the former reversed.

"In both the *Rojas* case and this one the goods at the moment of their receipt were in one sense not 'stolen.' In *Rojas*, however, they were stolen-but-recovered; and in a very material way they had not only been stolen but defendants had been instrumental in the fact they were stolen. In the case before us the goods had never been stolen. The police department, in effect, used its own property as bait. That makes a difference.

"We have pointed out that intent alone is not in legal contemplation an 'attempt.' A substantive crime must be involved with a direct act towards its commission. There was no substantive crime at all here. The police merely sold their own property. *People* v. *Camodeca, supra,* 52 Cal.2d 142, 145, was the case upon which our Supreme Court in *Rojas* placed principal reliance. *Camodeca* was an extortion case. The court there states (on p. 147): 'Although the law does not impose punishment for guilty intent alone, it does impose punishment when guilty intent is coupled with action *that would result in a crime* but for the intervention of some fact or circumstance unknown to the defendant. [Citations.] In the present case [*Camodeca*] there was *not a legal* but only a factual impossibility of consummating the intended offense, i.e., the intended victim was not deceived.' (Italics supplied.)"

Immediately following the portion of the opinion in *Young* just set forth, the court noted that in *Rojas* (55 Cal.2d at p. 257) the Supreme Court referred to Smith, *Two Problems in Criminal Attempts* (1957) 70 Harv. L.Rev. 422, 439. In *Young* the court then proceeded to discuss the question before it in the light of the views expressed in Mr. Smith's article. Finally, the court stated (253 Cal.App.2d at p. 854): "We accept Mr. Smith's reasoning." But a study of the approach so taken in *Young* in resolving the question there presented suggests that in *Young* the basic concept enunciated in *Rojas* has been implicitly rejected in favor of the reasoning of *Jaffe* (*People* v. *Jaffe, supra,* 185 N.Y. 497) which our Supreme Court declined to follow in *Rojas*.

It is not, however, our function to determine whether the *result* reached in *Young* was correct in the light of all the facts in that case. We are only concerned with the *reasoning* of *Young* insofar as it appears to follow that of *Jaffe* rather than that of *Rojas*.[1] It is not within our province to make a

---

[1]Cf. *United States* v. *Hair* (D.D.C. 1973) 356 F.Supp. 339, wherein the property purchased by the defendant had not in fact been stolen. In the District of Columbia there was no statutory or case law dealing with the question. After discussing various

choice between the principle enunciated in *Rojas* and that enunciated in *Jaffe* or that espoused by Mr. Smith. Rather, our obligation is to adhere to that which we conclude is the applicable law under the circumstances of this case after our study of the law as heretofore expressed by our Supreme Court.[2] While it is true, as noted in *Young,* that the factual situation in *Rojas* was that a defendant had made a pre-existing offer to buy stolen electrical goods from the thief, no particular emphasis was placed on that fact in the opinion in *Rojas.* The principle enunciated in *Rojas* is that a defendant is guilty of an attempt where he has the specific intent to commit the substantive offense and, under the circumstances as he reasonably sees them, he does the acts necessary to consummate the substantive offense, but because of circumstances unknown to him there is an absence of one or more of the essential elements of the substantive crime. ■ In the present case, as in *Rojas,* the goods did not have the status of stolen property at the time petitioner received them and, accordingly, although the evidence sustained the inference that he *believed* them to be stolen, he could not have had *actual knowledge* of that condition.

Since the facts as shown by the evidence at the preliminary hearing afforded no basis for departing from the principle enunciated in *Rojas,* there was probable cause for holding the petitioner to answer to the charge of attempting to receive stolen property.

views which have been expressed with respect to the subject, the court chose to follow the reasoning of *Jaffe* rather than that of *Rojas.*

[2]We have not overlooked the fact that the Supreme Court denied a hearing in *Young.* But we do not conclude therefrom that thereby the Supreme Court intended to express the rejection of a principle of such importance as that enunciated in *Rojas.*

In *People* v. *Triggs,* 8 Cal.3d 884, at pages 890-891 [106 Cal.Rptr. 408, 506 P.2d 232], the Supreme Court stated: "Preliminarily we declare that our refusal to grant a hearing in a particular case is to be given *no* weight insofar as it might be deemed that we have acquiesced in the law as enunciated in a published opinion of a Court of Appeal when such opinion is in conflict with the law as stated by this court. Our statements of law remain binding on the trial and appellate courts of this state (*People* v. *McGuire* (1872) 45 Cal. 56, 57-58; *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]) and must be applied wherever the facts of a case are not fairly distinguishable from the facts of the case in which we have declared the applicable principle of law. Our refusal to grant a hearing in any given case must not be deemed a sub silentio overruling of our prior decisions. 'The significance of such refusal is no greater than this—that this court does not consider that the interests of justice, or the purposes for which the power [to grant a hearing] was given, require its exercise in the particular case.' (*People* v. *Davis* (1905) 147 Cal. 346, 350 [81 P. 718]; see also *Cole* v. *Rush* (1955) 45 Cal.2d 345, 351, fn. 3 [289 P.2d 450, 54 A.L.R.2d 1137].)"

The alternative writ of prohibition is discharged. The petition for a writ of prohibition is denied.

Cobey, J., and Allport, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 14, 1973.