[Crim. No. 26747. Second Dist., Div. Four. Feb. 10, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
GARY LEE MOSS, Defendant and Respondent.

[Crim. No. 27408. Second Dist., Div. Four. Feb. 10, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
DENNIS LANCE GRANT, Defendant and Respondent.

**180**

## COUNSEL

C. Stanley Trom, District Attorney, Richard N. W. Lambert, Deputy District Attorney, John E. Howard, Acting District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

Kenneth M. High, Jr., under appointment by the Court of Appeal, Dean Pic'l and Nordman, Cormany, Hair & Compton for Defendants and Respondents.

## OPINION

**FILES, P. J.**—We discuss here two unrelated cases which turn on the question whether the crime of attempting to receive stolen property (Pen. Code, §§ 664 and 496) may be committed if the property involved has not been stolen. In each case the superior court dismissed before trial, and the People appealed. █ We are of the opinion that the decisional law of California has established that an antecedent theft is not a necessary element of the offense charged; hence the orders of dismissal must be reversed.

In *Grant,* count II of the amended information accused the defendant "of the crime of attempted receiving stolen property in violation of section 664/496, Penal Code" in that he "did willfully, unlawfully and feloniously buy and receive certain personal property, to wit, stereo equipment, believing said property to have been stolen."

The superior court sustained defendants demurrer and gave judgment for defendant on count II.

In *Moss,* the evidence received at the preliminary examination showed these circumstances: The Ventura County sheriff's office received information that defendant was dealing in stolen property. Eventually arrangements were made for a state officer to sell to Moss two color television sets and two leather jackets, which Moss was led to believe were stolen. The merchandise had in fact been acquired by the sheriff's department by purchase or loan for use in this transaction.

The merchandise was delivered to Moss at his place of business and he was in the act of counting out the money for payment when surveilling officers made the arrest.

The superior court granted. defendant's motion under Penal Code section 995 and set aside the information "on the basis that the transcript shows the property wasn't stolen."

The orders of dismissal are appealable under Penal Code section 1238, subdivisions (a)(2) and (a)(1), respectively.

No·issue of entrapment is raised by reason of the posture of these cases as they come up on these appeals.

The briefs on appeal include discussion of theories of the criminality of attempting the impossible, with citation to the writings of commentators and decisions in other jurisdictions. In deciding these appeals it is unnecessary to rely upon those sources, for the decisional law of California dictates the result.

In *People* v. *Rojas* (1961) 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252], the police arrested a thief and recovered stolen property from him. Upon learning that the thief had "an understanding" with another person to buy the stolen property, the police allowed the thief, under surveillance, to deliver the property to the defendants and collect a price for it. The Supreme Court held that this evidence was insufficient to support a conviction for receiving stolen property in violation of Penal Code section 496, but sufficient to establish the offense of attempting to violate that section. The rationale which the court derived from prior decisions was "that the defendants had the specific intent to commit the substantive offense and that under the circumstances as the defendants reasonably saw them they did the acts necessary to consummate the substantive offense; but because of circumstances unknown to defendants, essential elements of the substan-

tive crime were lacking. Here, the goods did not have the status of stolen property and therefore defendants, although *believing* them to be stolen, could not have had *actual knowledge* of that condition." (55 Cal.2d at p. 257.) (Italics in original.)

In *People* v. *Meyers* (1963) 213 Cal.App.2d 518 [28 Cal.Rptr. 753], the defendant had expressed a desire to obtain property which would be stolen from the telephone company. A special agent of the company delivered the desired property to defendant, who paid the agent $500. The Court of Appeal reviewed the California cases to and including *Rojas,* and affirmed the conviction of the offense of attempting to receive stolen property. The defendant's argument, based upon the fact that nothing had been stolen, was considered and rejected.

In *People* v. *Parker* (1963) 217 Cal.App.2d 422 [31 Cal.Rptr. 716], the facts were similar to those in *Meyers,* except that the delivery of the property to the defendant was by an investigator for the district attorney. The Court of Appeal concluded at page 428 that the evidence supported the conviction for attempting to receive stolen property "irrespective of the fact that the supplements were not stolen."

In *Young* v. *Superior Court* (1967) 253 Cal.App.2d 848 [61 Cal.Rptr. 355], the evidence received at the preliminary examination showed that law enforcement officers arranged for an investigator to offer to sell Young two television sets and a record player. Young was told the property was stolen, though it was in fact city property being used as "bait." Young paid the investigator $65 and received the property. The Court of Appeal held that this evidence was insufficient to support an information charging an attempt to receive stolen goods, and prohibited a trial on that charge. The opinion distinguished *Rojas* upon the ground that in *Rojas* the property "had not only been stolen but defendants had been instrumental in the fact they were stolen." (253 Cal.App.2d at p. 853.)

The *Young* opinion does not mention the *Meyers* and *Parker* cases.

In *Lupo* v. *Superior Court* (1973) 34 Cal.App.3d 657 [110 Cal.Rptr. 185], a deputy sheriff, acting under cover, sold to Lupo property which had been stolen and recovered, and which Lupo bought with the belief he was receiving stolen property. The facts differed from those in *Rojas* in that Lupo had never had any connection with the thief; and Lupo's counsel argued that the court should follow *Young* in limiting the *Rojas*

rule to the exact facts of that case—i.e., an attempt by a person who had been involved with the thief.

The *Lupo* court reviewed the *Rojas-Meyers-Parker-Young* line of cases and held the evidence sufficient, pointing out that the reasoning of the *Young* opinion could not be reconciled with the reasoning of the Supreme Court in *Rojas*.

We are in accord with the *Lupo* court's analysis, and agree that the principle expressed by the Supreme Court in *Rojas* was correctly interpreted and applied in *Meyers* and *Parker,* as well as in *Lupo.* Under this line of authority it is not necessary for the People to allege or prove that the defendant had had any prior connection with the thief, or that the goods received had been stolen.

In *People* v. *Moss,* No. 26747, the order is reversed.

In *People* v. *Grant,* No. 27408, the order is reversed.

Kingsley, J., and Jefferson (Bernard), J., concurred.