[Civ. No. 20563. Fourth Dist., Div. Two. Aug. 21, 1979.]

EVAN H. SHADLE, Plaintiff and Appellant, v.
CITY OF CORONA et al., Defendants and Respondents.

**COUNSEL**

Richard L. Keller and Raymond J. Rostan for Plaintiff and Appellant.

Robert J. Pickell and Karl J. Knudson for Defendants and Respondents.

**OPINION**

**THE COURT.**—In an action for malicious prosecution and false arrest, plaintiff appeals from a summary judgment in favor of three of the five named defendants.

Defendant Jim Skaggs was arrested for a misdemeanor drug offense. He agreed to cooperate with the police in exchange for assistance with the pending charge. Skaggs told defendant Jimmie Steele, a police officer employed by the City of Corona, that plaintiff was dealing in stolen property and that Skaggs had sold stolen goods to plaintiff in the past. Steele had previously received word from other informants that plaintiff was dealing in stolen guns and hand grenades. Steele instructed Skaggs to contact plaintiff and offer to sell stolen guns to plaintiff.

About two months later, Skaggs reported that he had arranged a sale with plaintiff. Skaggs went to plaintiff's house with defendant Merle R. Boardwell, another Corona police officer. Skaggs showed three guns to plaintiff and both Skaggs and Boardwell told plaintiff the guns were stolen. Plaintiff replied: "Uh, fuck it, man, I don't care where they came from." This conversation was recorded on tape by Boardwell. Plaintiff purchased the guns from Boardwell and was then arrested for receiving stolen property.

At the trial, the charge was modified to attempting to receive stolen property. After the prosecution rested, plaintiff moved for acquittal on the ground that one who buys goods believing them stolen is not guilty of any crime if the goods are not in fact stolen. The motion was denied. Plaintiff then testified in his own behalf, stating that he had known Skaggs since childhood and that Skaggs was a heroin addict. Plaintiff stated that Skaggs pestered him for some weeks about buying the guns. Plaintiff at first refused to make any purchase because he suspected the guns were stolen, but he later agreed to buy because he did not believe a heroin addict would have continued to hold stolen property for such a long time.

The jury returned a verdict of acquittal and plaintiff thereafter commenced this action for false arrest and malicious prosecution. Named as defendants were Skaggs, Steele, Boardwell, the City of Corona, and the City of Corona Police Department. The complaint alleged that the defendants formed a conspiracy to falsely arrest and prosecute plaintiff for the crime of receiving stolen property. Plaintiff further alleged that Skaggs represented to plaintiff that Skaggs was the owner of the weapons.

On May 27, 1978, a motion for summary judgment was filed by defendants City of Corona, Jim Steele, and Merle Boardwell. The motion was supported by declarations by Steele and Boardwell, and by records of the criminal action.

The motion was heard on July 7, 1978. Plaintiff's attorney requested leave to file counterdeclarations at the hearing, stating that he had attempted to file them the previous day but the clerk had refused to accept them. The court denied the request, stating that lawyers who attempted to file papers late would not be accommodated. Plaintiff's counsel said he was not aware of any time limit and the court replied that the rules were published by the Daily Journal. The court granted the

motion and judgment was entered accordingly, from which this appeal is taken.

Plaintiff's contentions are: (1) the local court rule setting a deadline for filing declarations in opposition to a motion for summary judgment is invalid; and (2) defendants' moving papers reveal a triable issue of fact.

I

On January 13, 1977, the presiding judge of the Superior Court of Riverside County issued a court policy memorandum regarding law and motion proceedings. Paragraph 7 of the memorandum was amended on March 7, 1977, and on the date of the hearing below it provided as follows:

"Any and all supplemental documents which are necessary to complete the moving party's presentation of a law and motion matter shall be filed with the Clerk of Court not later than 5 court days prior to the date of hearing. The opposing party's documents shall be filed with the Clerk not later than 3 court days prior to the date of hearing. NO document shall be accepted for filing except at the Clerk's office."

█ Local court rules and policies have the force of procedural statutes, so long as they are not contrary to legislative enactments. (Gov. Code, § 68070; *Wisniewski* v. *Clary,* 46 Cal.App.3d 499, 502-505 [120 Cal.Rptr. 176]; *Cantillon* v. *Superior Court,* 150 Cal.App.2d 184, 187-188 [309 P.2d 890].) █ Plaintiff's argument is that the local policy quoted above is contrary to the provisions of Code of Civil Procedure section 437c and therefore invalid.

Plaintiff relies on *Albermont Petroleum, Ltd.* v. *Cunningham,* 186 Cal.App.2d 84 [9 Cal.Rptr. 405]. In *Albermont,* the plaintiff moved for summary judgment. On the day of the hearing one of the defendants attempted to file counteraffidavits. The court refused to permit them to be filed, citing a local court rule requiring filing no later than noon on the day preceding the hearing. On the defendant's appeal from the ensuing judgment, the reviewing court reversed, holding that the local court rule was inconsistent with higher law.

The local rule under consideration in *Albermont* was not "included in a book or pamphlet publishing a codified list or collection of court rules available to those in the general law practice," but it did "appear daily in

several local legal publications at the beginning of the calendar in the law and motion department, as one of nine paragraphs consisting of a 'Notice to Attorneys' advising lawyers of the manner in which business is conducted in the law and motion department. . . ." (*Albermont Petroleum, Ltd.* v. *Cunningham, supra,* 186 Cal.App.2d 84, 90.) The official rules of the Superior Court of Los Angeles, where *Albermont* originated, included a provision, rule 9, permitting filing of counteraffidavits up to and even at the time of hearing. (*Ibid.*)

We have no disagreement with the result reached in *Albermont.* The policy of the law and motion department was clearly in conflict with the local rules for the superior court and clearly this conflict could only be resolved in favor of the local rules, which are a higher form of law. However, the court in *Albermont* was not content to rest its decision on this basis but commented further as follows:

"Section 437c is silent concerning the time within which counteraffidavits must be filed, however it expressly provides for at least a 10-day notice to be given by the movant which obviously allows the adverse party at any time during that period, up to and including the actual hearing, to file counteraffidavits for the court's consideration; indeed nothing in the statute limits his right to affidavits showing facts sufficient to present a triable issue filed prior to the time of the hearing." (*Albermont Petroleum, Ltd.* v. *Cunningham,* 186 Cal.App.2d 84, 91.)

We respectfully disagree with this portion of *Albermont.* If the Legislature intended to grant parties opposing a motion for summary judgment an absolute right to file counteraffidavits at any time up to and including the time of hearing, we are confident that this policy would have been expressed in positive language. In the absence of any positive statement the presumed intent of the Legislature is that all procedural details, including filing deadlines for papers in opposition, are subject to court rule. This is all the more reasonable because of the obvious disadvantages of any system permitting last minute filing. A hearing on a motion for summary judgment cannot be satisfactorily conducted if neither the court nor the moving party is familiar with the opposing papers. At the very least, the hearing will have to be interrupted while the papers are read. Too often, fairness will require a continuance while the moving party prepares a response. The requirement that opposing papers be filed a reasonable time in advance of the hearing helps to ensure that the court and the parties will be familiar with the facts and the issues so

that meaningful argument can take place and an informed decision rendered at the earliest convenient time.

In the case at bench, unlike *Albermont,* the policy of the Superior Court of Riverside County regarding the filing of papers in opposition is not contrary to any state or local court rule, and we conclude as well that it is not contrary to Code of Civil Procedure section 437c.

Counsel for plaintiff asserts that he looked at the rules for the Superior Court of Riverside County, as published by the Los Angeles Daily Journal, before the hearing but was unable to locate the provision at issue here. ■ Although the policy memorandum was published with the court rules, plaintiff maintains that its provisions were not properly indexed. We are aware of no legal rule according to which the legality of a statute or rule or policy depends on the manner of its indexing. If plaintiff is contending that his ignorance of the provision was the result of excusable neglect, then plaintiff's remedy is a motion in the trial court under Code of Civil Procedure section 473. In the absence of such a motion, the issue is not reviewable on appeal.

## II

■ Plaintiff's remaining contention is based on the following statement made by defendants' attorney in the written argument in support of the motion for summary judgment:

"If Defendant Skaggs told plaintiff the guns were not stolen, as plaintiff testified at his trial, the plaintiff's action should properly be continued against Skaggs."

Plaintiff's argument, as we understand it, is that this is an admission that Skaggs might be liable. If Skaggs is liable, plaintiff argues, then the other defendants must be liable also because the complaint alleges conspiracy and each conspirator is liable for the acts of every other conspirator.

Before plaintiff can take advantage of the vicarious liability of coconspirators, there must be at least a triable issue of fact concerning the existence of a conspiracy. Defendants' moving papers contained competent evidence that there was no conspiracy. Steele and Boardwell acted on the assumption that plaintiff believed the guns were stolen. This was the basis on which Skaggs had been instructed to set up the transaction. The

sale was made, and plaintiff was arrested, only after both Skaggs and Boardwell told plaintiff the guns were stolen and plaintiff replied that he didn't care.

■ The law is well settled that one who buys property believing it to be stolen is guilty of a criminal attempt to receive stolen property even though the property is not in fact stolen. (*People* v. *Rojas,* 55 Cal.2d 252, 257-259 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252]; *People* v. *Moss,* 55 Cal.App.3d 179, 183 [127 Cal.Rptr. 454]; *Lupo* v. *Superior Court,* 34 Cal.App.3d 657, 663 [110 Cal.Rptr. 185]; *People* v. *Parker,* 217 Cal.App.2d 422, 428 [31 Cal.Rptr. 716]; *People* v. *Meyers,* 213 Cal.App.2d 518, 523 [28 Cal.Rptr. 753]. See also, Marcus, *Factual Impossibility and the Attempt to Receive Stolen Property,* (1976) 51 State Bar J. 493.) *Young* v. *Superior Court,* 253 Cal.App.2d 848 [61 Cal.Rptr. 355], which plaintiff cited in the criminal trial in support of his unsuccessful motion for a directed verdict of acquittal, holds to the contrary, but *Moss* and *Lupo* correctly concluded that *Young* is erroneous and *Rojas* is binding precedent.

■ Viewed in the context of this decisional law, it is clear that defendants Steele and Boardwell were pursuing in good faith the lawful objective of arresting and convicting plaintiff of the crime of attempting to receive stolen property. This project was undertaken only after Steele had been told by a number of informants that plaintiff was dealing in stolen goods, and plaintiff was arrested and prosecuted only after the police had strong evidence that plaintiff believed the guns were stolen. If Skaggs had on some previous occasion told plaintiff that the guns were not stolen, as plaintiff testified at his trial, there is no evidence that either Steele or Boardwell knew it and therefore no evidence of a conspiracy to arrest and prosecute plaintiff in bad faith for a nonexistent crime.

The judgment is affirmed.