[Crim. No. 10361. Third Dist. Apr. 30, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD E. WRIGHT, Defendant and Appellant.

COUNSEL

Wilczynski & Sittner, Stephanie D. Sittner, Jaime Rene Wilczynski and Lloyd H. Riley for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Defendant appeals from the judgment entered following his plea of guilty to attempted receiving stolen property. (Pen. Code, §§ 664, 496.) Relying on *Young* v. *Superior Court* (1967) 253 Cal.App.2d 848 [61 Cal.Rptr. 355], a decision by this court, defendant asserts commission of the crime of attempted receiving stolen property was legally impossible because the property had never been stolen. The trial court issued a certificate of probable cause. We conclude *Young* cannot be reconciled with the controlling decisional law of California and should no longer be followed. Therefore, we affirm defendant's conviction.

Gary Black, an undercover officer for the Placerville Police Department, met defendant in a bar in Placerville. Defendant told Black he purchased stolen property and would buy stolen watches because they were "untraceable." Thereafter, Black went to defendant's place of business to sell him a watch Black had purportedly stolen. In fact, the watch had not been stolen; Black had purchased it from a local depart-

ment store to offer it for sale to defendant. Defendant, however, believed the watch to be stolen and offered a one-quarter carat diamond in exchange for the watch. Black agreed and the transaction was consummated. Thereafter, defendant was arrested.

In *People* v. *Rojas* (1961) 55 Cal.2d 252 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252], the police arrested Hall, a thief, and recovered stolen property from him. After learning Hall had an agreement with defendants to buy stolen property, the police allowed Hall, under surveillance, to deliver the property to defendants and collect a price for it. The Supreme Court determined these facts were sufficient to support a conviction of attempted receiving stolen property. The court held the attempt was no less criminal merely because the goods had been recovered by the police and, unknown to defendants, had thereby lost their status as stolen. The court reasoned defendants had the specific intent to commit the substantive offense and, believing the property to be stolen and acting accordingly, did the acts necessary to consummate the substantive offense; the crime could not be completed, however, because, due to circumstances unknown to defendants, an essential element of the substantive crime was lacking. (55 Cal.2d at p. 257.)

In *Young* v. *Superior Court, supra*, the evidence showed a police officer offered to sell defendant some audio equipment. Defendant was told the property was stolen; in fact it belonged to the city and had never been stolen. Defendant paid the officer for the property and was arrested. On pretrial writ review, this court held the evidence insufficient to support an information charging an attempt to receive stolen property. *Rojas* was distinguished on two grounds: first, in *Rojas* the goods had been stolen although later recovered, whereas in *Young* the goods had never been stolen; second, in *Rojas* the defendants had been instrumental in the theft of the goods while in *Young* defendant played no part in the "purported" theft of the audio equipment. (253 Cal.App.2d at p. 853.)

The facts in *People* v. *Moss* (1976) 55 Cal.App.3d 179 [127 Cal.Rptr. 454], are indistinguishable from the facts in *Young* and in the present case. A state officer sold Moss property which Moss believed was stolen. The merchandise had in fact been acquired by the sheriff's department by purchase or loan for use in the transaction. (*People* v. *Moss, supra*, 55 Cal.App.3d at p. 181.) The *Moss* court expressly rejected the reasoning of *Young*, and adhered to *Rojas* and the line of authority following it. *Moss* holds that it is not necessary to sustain a

conviction of attempted receiving stolen property that the People prove the defendant had any prior connection with the thief or that the goods received had ever been stolen. (55 Cal.App.3d at p. 183.)

A detailed analysis of the entire line of cases interpreting and applying the rule of *Rojas* appears in both *Moss* and in *Lupo* v. *Superior Court* (1973) 34 Cal.App.3d 657 [110 Cal.Rptr. 185]. Both *Moss* and *Lupo* criticize and reject the reasoning of *Young*, finding it irreconcilable with the rationale of *Rojas*. (See *Lupo* v. *Superior Court, supra*, 34 Cal.App.3d at pp. 661-663; *People* v. *Moss, supra*, 55 Cal.App.3d at pp. 182-183.) We agree with these appraisals.

Although as noted in *Young*, the factual situation in *Rojas* was somewhat different in that the goods had actually been stolen, the principle enunciated there is not dependent on that circumstance, but turns upon intent. (*People* v. *Meyers* (1963) 213 Cal.App.2d 518, 522 [28 Cal. Rptr. 753].) ■ Thus, a defendant is guilty of an attempt where he has the specific intent to commit the substantive offense and, under the circumstances as he reasonably sees them, does the acts necessary to consummate the substantive offense; however, because of circumstances unknown to him there is an absence of one or more of the essential elements of the substantive crime. (*People* v. *Rojas, supra*, 55 Cal.2d at p. 257.) Under the *Rojas* rule, the criminality of the attempt is not dependent on whether the goods had actually been stolen or whether the defendant had any prior connection with the thief. (*People* v. *Moss, supra*, 55 Cal.App.3d at p. 183; see *Lupo* v. *Superior Court, supra*, 34 Cal.App.3d at pp. 659-663; *People* v. *Parker* (1963) 217 Cal.App.2d 422, 427-428 [31 Cal.Rptr. 716]; *People* v. *Meyers, supra*, 213 Cal. App.2d at p. 523.) "It is only when the results intended by the actor, *if they happened as envisaged by him*, would still not be a crime, then and only then, can he not be guilty of an attempt." (Italics added; *People* v. *Meyers, supra*, 213 Cal.App.2d at p. 523.)

In this case, the watch purchased by defendant from the undercover agent had never been stolen. Defendant, however, believed he was purchasing stolen property and pursuant to such belief he did the acts necessary to consummate the offense of receiving stolen property.

The analysis provided by *Moss* and *Lupo* correctly demonstrates the reasoning of *Young* cannot be reconciled with the reasoning of the high court in *Rojas*. Therefore, *Young* should not be followed.

Defendant's other contentions have been considered and are without merit.

The judgment is affirmed.

Paras, J., concurred.

**REYNOSO, J.**—I dissent. By today's ruling the majority overturn prior law from this court (*Young* v. *Superior Court* (1967) 253 Cal.App.2d 848 [61 Cal.Rptr. 355]) and hold that a defendant may be convicted of an attempt to receive stolen property when the property was in fact not stolen. May it be said that a boy who jumped into a waterless, summer California river attempted to swim in water? He may have intended to swim in water, but in its absence it cannot be said that he attempted to swim in the nonexistent water. In like manner, a defendant may have intended to receive stolen property but in the absence of any stolen property it cannot be said that there was an attempt to receive stolen property. "Intent is in the mind; it is not the external realities to which intention refers. The fact that defendant was mistaken regarding the external realities did not alter his intention, but simply made it impossible to effectuate it." (*People* v. *Rojas* (1961) 55 Cal.2d 252, 257 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252], quoting from Hall, General Principles of Criminal Law (1947) p. 127.)

When the legislation proscribes receiving property believed by the defendant to be stolen, we may properly consider the issue tendered. Until then, we should remain true to the law as previously interpreted by this court. The statute makes it a crime to receive "any property which has been stolen" (Pen. Code, § 496, subd. 1) and not property believed by the person receiving it to be stolen. The inquiry should end there.

Appellant's petition for a hearing by the Supreme Court was denied July 9, 1980. Bird, C. J., was of the opinion that the petition should be granted.