967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David THORPE, Petitioner-Appellant,
v.
Charles P. GILLINGHAM, Sheriff of Santa Clara County,
Respondent-Appellee.
 No. 91-15578.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Thorpe appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for attempted receipt of stolen property under Cal.Penal Code §§ 664 and 496. We review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Thorpe raises two claims of error; both are meritless. First, Thorpe claims that he was denied due process because no statute defines his conduct as a crime. Second, Thorpe claims that he was denied due process because Cal.Penal Code §§ 664 and 496, the California statutes under which he was convicted, are void for vagueness when applied to his circumstances.
 
 
 4
 Both claims of error are based on the premise that the California statutes do not extend to the situation where the property at issue was not stolen, but was offered for sale as impliedly stolen. Thorpe argues that because Penal Code section 496 proscribes receiving stolen property, it cannot possibly proscribe the receipt of property that is not stolen, even when read in conjunction with the attempt statute, Penal Code section 644. This is a question of state law decided adversely to Thorpe by the state courts, and the district court properly ruled against Thorpe on this point. Under California law, one who buys property in the mistaken belief that it is stolen commits the offense of attempting to receive stolen property. See Shaw v. Winters, 796 F.2d 1124, 1125 n. 1 (9th Cir.1986) (citing People v. Rojas, 55 Cal.2d 252, 358 (1961); Shadle v. City of Corona, 96 Cal.App.3d, 173, 180 (1979)), cert. denied, Shaw v. Winter, 481 U.S. 1015 (1987).
 
 
 5
 The district court properly held that the California statutes, as construed by California decisional law, do not require that the property at issue be stolen, but that the defendant have the specific intent to commit the substantive offense, and that under the circumstances as the defendant saw them, he did the acts necessary to consummate the substantive offense. See Rojas, 55 Cal.2d at 257. Here, a jury found that Thorpe intended to receive stolen property when he purchased merchandise from an undercover officer. For attempted receipt of stolen property, California law requires no more. See id.
 
 
 6
 Further, we find no due process violation in the application of the California statutes to these circumstances. Due process is satisfied if a criminal statute gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. See United States v. Harriss, 347 U.S. 612, 617 (1953). The receiving statute, Cal.Penal Code § 496, was sufficient to alert Thorpe as to the criminality of receiving stolen property. The attempt statute, Cal.Penal Code § 664, was sufficient to alert Thorpe as to the criminality of attempting to receive stolen goods, although his attempt was unsuccessful. Accordingly, the district court did not err in denying Thorpe's habeas petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3