[No. 13096.  In Bank.—September 3, 1889.]

IN THE MATTER OF THE ESTATE OF EMELINE V. BROWN, DECEASED.

ESTATES OF DECEASED PERSONS — NON-RESIDENT EXECUTOR. —A non-resident executor may through an attorney apply for and receive letters testamentary in this state, and is constructively present through the attorney by whom he applies, though actually out of the state when the application and order for the issuance of letters is made; but he must come into the state within a reasonable time, and personally submit himself to the jurisdiction of the court, and personally conduct the settlement of the estate.

ID. — ABSENCE FROM STATE — CONSTRUCTION OF CODE. — Section 1354 of the Civil Code, in using the words "a person absent from the state," in providing for letters testamentary to a co-executor, or letters of administration with the will annexed, if there is no other executor, which may be revoked upon the return of the absentee, is construed to mean a person both actually and constructively absent from the state, who has made no application for letters.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial of an application for letters testamentary.

The facts are stated in the opinion.

*Clinton L. White,* for Appellant.

*Chauncey H. Dunn,* and *Taylor & Holl,* for Respondent George A. West.

BELCHER, C. C. — Emeline V. Brown died on the 16th of February, 1888, and at the time of her death was a resident of the city of Philadelphia, in the state of Pennsylvania. She left real property situate in the city of Sacramento, in this state, of the value of about fifteen thousand dollars. She left a duly executed will, disposing of all her property to certain legatees, who were non-residents of this state. In her will George A. West was named as sole executor. The will was duly admitted to probate on the 21st of February, 1888, in the orphans' court of Philadelphia, and letters testamentary were issued to said West. On the 6th of October, 1888, a copy of the will and the probate thereof duly authenticated was filed in the superior court of the county of Sacramento, and E. A. Burr, a resident of that county, filed a petition asking that letters of administration with the will annexed be issued to him. Subsequently, S. B. Smith, the public administrator of the county, filed his petition that letters of administration upon the estate with the will annexed be issued to him. And thereafter George A. West, named in the will as executor thereof, filed his petition, stating that he desired to act as executor of the will in the state of California, and asking that letters testamentary be issued to him. The petitions were heard together, and an order was made admitting the will to probate, and directing the issuance of letters of administration with the will annexed to S. B. Smith, the public administrator. The petition of West was denied, because of his being a non-resident of the state. The finding on that point is as follows: —

"The petitioner, George A. West, was at all the times named in his petition and now is a resident of the state of Pennsylvania, and is not now in the state of California, but is absent therefrom, and has not been therein at any time pending said proceedings."

And from the facts found the court concluded the law to be "that said George A. West is not eligible to

appointment as executor of said will in this state, and has no authority to nominate an administrator of said estate, and his petition in that regard should be denied."

In due time West moved the court to set aside the order denying his petition and granting that of Smith, and for a new trial, on the ground that the decision was not justified by the evidence. The motion was made on a brief statement of the case, and one of the specifications therein was as follows:—

"The evidence is insufficient to justify that portion of the finding of fact of the court as follows: 'But is absent therefrom, and has not been therein at any time pending said proceedings,'—in this, that the evidence shows that George A. West had never been a resident of the state of California, or personally present therein; but that he duly filed his petition for the issuance to himself of letters testamentary, submitted to the jurisdiction of the court, and would have and will appear in person and qualify as such executor within a reasonable time after his appointment."

The court granted the motion, and Smith appealed from the order.

The record presents but a single question for decision, viz.: Is a person who is named in a will as the executor thereof, but who is a non-resident of this state, and has never been therein, for that reason alone incompetent to be appointed executor of the will here?

The question must be solved by an examination of the provisions of the Code of Civil Procedure relating to proceedings in probate courts.

Section 1369 declares that no person is competent or entitled to serve as administrator who is "not a *bona fide* resident of the state."

Section 1350 declares what classes of persons are incompetent to serve as executors, but omits the clause above quoted from section 1369. It then provides that "if the sole executor or all the executors are incompe-

tent, or renounce, or fail to apply for letters, or to appear and qualify, letters of administration with the will annexed must be issued," etc.

Section 1354 provides that "where a person absent from the state . . . . is named executor, if there is another executor who accepts the trust and qualifies, the latter may have letters testamentary and administer the estate until the return of the absentee, . . . . who may then be admitted as joint executor. If there is no other executor, letters of administration with the will annexed must be granted, but the court may in its discretion revoke them on the return of the absent executor."

And section 1368 provides that every person to whom letters testamentary are directed to issue must before receiving them execute a bond in an amount fixed by the court; and to determine the penalty of the bond, the court must ascertain the value of the property " by examining on oath the party applying and any other persons."

It is admitted by counsel for appellant that under these provisions a non-resident person may be appointed and may serve as executor in this state; but it is contended that he must be in the state at the time of his appointment, and must personally submit himself to the jurisdiction of the court.

We think a non-resident may apply for and receive letters testamentary in this state. His application may be made by himself in person or by attorney, and if made by attorney, he is constructively present. If required by the court, he must appear and testify when the penalty of his bond is fixed, and at any rate, must appear and qualify within a reasonable time. If he fails to make application for letters, or to appear and qualify within proper time, letters of administration with the will annexed will be issued to some other person. Where, however, he has made application for letters, either in

person or by attorney, it is not absolutely necessary that he be actually in the state when the order is made directing the issuance of letters. If a bond is required, the court may delay for a time fixing the penalty of it, or may fix it by examining on oath other persons, and if the property requires immediate care, a special administrator may be appointed. Of course, the appointee must come here within a reasonable time and personally submit himself to the jurisdiction of the court, and personally conduct the settlement of the estate.

What we have said above is in harmony with the provisions of section 1354, *supra.*

The words "a person absent from the state," used in that section, mean, as we interpret them, a person both actually and constructively absent; that is to say, a person who is out of the state and has made no application for letters.

In this case, West was not thus absent. The court, therefore, properly granted his motion for a new trial, and the order should be affirmed.

HAYNE, C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Rehearing denied.