[Civ. No. 1649. Second Appellate District.—November 13, 1914].

J. CHAUNCEY HAYES et al., Petitioners, v. J. T. BUTLER, County Clerk and ex-officio Clerk of the Superior Court of the County of San Diego, State of California, Respondent.

PLEADING—FILING OF ANSWER AFTER DEMURRER OVERRULED—DISCRETION OF COURT—IMPOSITION OF TERMS—VALIDITY OF—SECTIONS 472 AND 473 CODE CIVIL PROCEDURE.—Under the provisions of sections 472 and 473 of the Code of Civil Procedure no question exists as to the power of the court, in the exercise of its discretion, to impose terms as a condition of answering after the expiration of the time given by law therefor; in the absence of an order granting leave so to do, defendants have no legal right to answer, and an order permitting an answer to be filed within a certain time after overruling of demurrer upon terms of payment of ten dollars to plaintiff or his attorneys by the defendants is valid.

ID.—CONSTRUCTION OF SECTION 129 CODE CIVIL PROCEDURE—SECTIONS 472 AND 473 CODE CIVIL PROCEDURE NOT REPEALED BY.—The inhibition contained in section 129 of the Code of Civil Procedure is against the making of rules imposing a charge for the filing of a pleading *allowed by law.* An answer, after the expiration of the time fixed therefor, can only be filed by virtue of an order of court made in the exercise of the discretion vested in it by the provisions of sections 472 and 473 of the Code of Civil Procedure; hence, it is not a pleading the filing of which is *allowed by law* and therefor does not fall within the provisions of section 129, under which the court is empowered to make rules not inconsistent with the laws of this state. Sections 472 and 473 provide that the court may, in the exercise of its discretion and upon such terms as may be just, permit

certain things to be done which *under the law* the party has no right as of course to do, and these sections are consistent with and are not repealed by section 129.

ID.—RULES OF COURT—DISCRETION CANNOT BE TAKEN AWAY BY.—Courts cannot make an arbitrary rule applicable alike to all cases, whereby terms are imposed as a precedent condition of filing an answer after demurrer overruled and time allowed therefor by law has expired. To do so would be to divest themselves of the exercise of that discretion in each particular case which the law, in express terms, enjoins upon them.

ID.—ORDER PERMITTING ANSWER UPON TERMS TO BE CONSIDERED IN ITS ENTIRETY—FAILURE TO MEET TERMS—DENIAL OF RIGHT.—Since the right of a defendant to answer, after the expiration of the time fixed therefor, is by virtue of an order made, such order must be construed in its entirety, and without compliance with the terms thereof it must be construed as an order of denial of the right to answer unless the condition imposed therein be complied with.

APPLICATION for Writ of Mandate originally brought in the District Court of Appeal of the Second Appellate District, to compel the County Clerk of San Diego County to file defendants' answer in an action pending in the Superior Court without the payment of ten dollars to plaintiff, as ordered by the Superior Court as a condition to the granting of leave to file the answer.

The facts are stated in the opinion of the court.

Wright & Winnek, for Petitioners.

'A. 'J. Lee, for Respondent.

SHAW, J.—Joseph C. Hunter instituted an action in the superior court of San Diego County against petitioners, who interposed a demurrer to the complaint. This demurrer, submitted without argument, was overruled, at which time the court made an order as follows: "Defendant is permitted to answer within ten days upon terms of payment of ten ($10) dollars to plaintiff or his attorneys." Defendants (petitioners here), without paying to plaintiff or his attorneys the sum imposed as a condition of answering, presented to the county clerk, with request that he file the same, their answer to the complaint. The clerk refused to file the answer, alleging as a reason for his refusal the fact that defendants had failed to comply with the condition prescribed in the order. Peti-

tioners ask for a writ of mandate directed to the clerk of the court requiring him to file the answer.

Section 472 of the Code of Civil Procedure, provides, among other things, that ''when the demurrer to a complaint is overruled and there is no answer filed, the court may, upon such terms as may be just, allow an answer to be filed.'' Section 473 contains a like provision. Under this provision, no question exists as to the power of the court, in the exercise of its discretion, to impose terms as a condition of answering after the expiration of the time given by law therefor. In the absence of an order granting leave so to do, defendants had no legal right to answer. Section 129 of the Code of Civil Procedure, as amended in 1913, [Stats. 1913, p. 90], provides: ''Every court of record may make rules not inconsistent with the laws of this state, for its own government and the government of its officers; but such rules shall neither impose any tax, charge or penalty upon any legal proceeding, or for filing any pleading allowed by law, nor give any allowance to any officer for services.'' Petitioners contend that by virtue of this section as amended, and notwithstanding the provisions of section 472, the court was without power to impose terms as a condition of permitting the answer to be filed. This contention can only be sustained upon the theory that the provisions of sections 472 and 473 cannot be reconciled with section 129, and hence the later statute works a repeal by implication of the provisions of the former. We cannot assent to this view. In addition to the provision of 472, under which the court may, after the overruling of a demurrer and the expiration of the time to answer, permit an answer to be filed upon terms, section 473, among other things, provides that the court may allow, upon such terms as may be just, an amendment to any pleading or proceeding, ''and may upon like terms allow an answer to be made after the time limited by this code; and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.'' The imposition of terms as a condition of doing any of these things could not be imposed if petitioners are right in their contention. Clearly, it was not the intention of the legislature to repeal such provisions.

The inhibition contained in section 129 is against the making of rules imposing a. charge for the filing of a pleading *allowed by law.* An answer, after the expiration of the time fixed therefor, can only be filed by virtue of an order of court made in the exercise of the discretion vested in it by the provisions of said sections 472 and 473 (*Billesbach* v. *Larkey,* 161 Cal. 653, [120 Pac. 31]) ; hence, it is not a pleading the filing of which is *allowed by law,* and therefore does not fall within the provisions of section 129, under which the court is empowered to make rules not inconsistent with the laws of this state. Sections 472 and 473 provide that the court may, in the exercise of its discretion and upon such terms as may be just, permit certain things to be done which *under the law* the party has no right as of course to do. Courts cannot make an arbitrary rule applicable alike to all cases, whereby terms are imposed as a precedent condition of filing an answer after demurrer overruled and time allowed therefor by law has expired. To do so would be to divest themselves of the exercise of that discretion in each particular case which the law in express terms enjoins upon them.

Moreover, since the right of defendant to answer is by virtue of an order made, such order must be considered in its entirety, and without compliance with the terms thereof it must be construed, in our opinion, as an order of denial of the right to answer unless the condition imposed therein be complied with.

The writ prayed for is denied.

Conrey, P. J., and James, J., concurred.