[L. A. No. 6132. Department One.—January 14, 1920.]

## In the Matter of the Estate of JASPER KELLEY, etc., Deceased.

[1] ESTATES OF DECEASED PERSONS—NONRESIDENT EXECUTOR—SUBMISSION TO JURISDICTION—RIGHT TO ADMINISTER.—A person named in a will as executor, who is a resident of another state, is not disqualified from acting nor rendered ineligible for appointment because he is not a permanent resident of this state, where he comes into the state and submits himself to the jurisdiction of the court for the purposes of administration of the estate, and intends to remain as long as may be necessary to complete the administration.

[2] ID.—INCOMPETENCY OF EXECUTOR—WANT OF INTEGRITY—INSUFFICIENCY OF EVIDENCE.—An executor is not incompetent by reason of want of integrity, where the only impeachment of his integrity is based on the claim that he was not courteous to the widow and that he disregarded her requests or wishes concerning the selection of an attorney to advise him in the administration of the estate.

[3] ID.—FRIVOLOUS APPEAL.—An appeal from an order denying an application for letters of administration with the will annexed, taken without any reasonable hope of success and which occasions a delay of at least a year in the settlement of the estate, is frivolous, and presents a proper case for the imposition of a penalty.

APPEAL from an order of the Superior Court of Los Angeles County denying an application for letters of ad-

---

1. Nonresidents as executors, notes, 113 Am. St. Rep. 562; Ann. Cas. 1912A, 747; 1 L. R. A. (N. S.) 346.

ministration with the will annexed.    James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Coil for Appellants.

Lucien Gray for Respondent.

SHAW, J.—The appeal herein is taken from an order denying the application of the appellant Bocock for letters of administration with the will annexed, upon the estate of the decedent, and granting the application of David Beeson for letters testamentary thereon.

Jasper Kelley died, a resident of Los Angeles County, on August 29, 1918. He left a will wherein he named the respondent, David Beeson, as executor. At the time of the death of the decedent Beeson was a resident of Illinois, but he has come to California and has appeared and submitted himself to the jurisdiction of the superior court for the purposes of administration of the estate and intends to remain here as long as may be necessary to complete the administration.

The appellants opposed the appointment of Beeson as executor on the ground that he is a resident of Illinois, and that he is incompetent to perform the duties of the trust because of want of understanding and integrity.  [1]  The fact that he is not a permanent resident of California, but is here only for the purpose of administering upon the estate of the decedent, does not disqualify him from acting as executor, nor render him ineligible for appointment as such, and the order of the court appointing him executor upon his application therefor was authorized and required by the code.   (Code Civ. Proc., secs. 1349, 1350.)   These sections require the court to appoint the person named in the will as executor, provided he appears and submits himself to the jurisdiction of the court, regardless of the place of his residence.   This question was before the court and was very fully considered and was so decided in *Estate of Brown*, 80 Cal. 381, [22 Pac. 233]. The provisions of the code are plain and the decision is clear. Even if there was any doubt before that decision, it has been entirely removed thereby and the decision has ever since been considered as settling

the law of the state on the subject. (*Estate of Richardson,* 120 Cal. 346, [52 Pac. 832]; *Estate of Brundage,* 141 Cal. 540, [75 Pac. 175].)

[2] The claim that Beeson is incompetent by reason of want of integrity and understanding is wholly without support in the evidence. It is not claimed that he is not fully competent so far as his understanding is concerned. The only impeachment of his integrity is based on the claim that he was not courteous to the widow and that he disregarded her requests or wishes concerning the selection of an attorney to advise him in the administration of the estate. There was nothing in his conduct which in any respect indicated a want of integrity.

[3] The appeal was presented to the court in October, 1919, and the appellants were then allowed fifteen days thereafter within which to file a closing brief. The time elapsed and no brief was filed. The appeal is wholly without support or merit. It has occasioned a delay of at least a year in the settlement of the estate. It could not have been taken with any reasonable hope of success. Under the circumstances the appellant should pay a penalty to the respondent because of the appeal. We consider the sum of one hundred dollars a proper amount to be charged.

It is ordered that the orders appealed from be affirmed and that the respondent recover of appellants the sum of one hundred dollars as a penalty.

Lawlor, J., and Olney, J., concurred.