[L. A. No. 14420.  In Bank.—July 2, 1934.]

SYLVIA A. BUTTERFIELD, Respondent, v. WILLIAM L. BUTTERFIELD, Appellant.

Lovett K. Fraser for Appellant.

Jess G. Sutliff for Respondent.

THE COURT.—In this action for divorce defendant filed a demurrer and motion for change of venue, but failed to file points and authorities in support of either. At the instance of counsel for plaintiff, the trial court denied the motion, without prejudice, and overruled the demurrer, solely on this ground. Defendant appealed. The question presented by the appeal is whether there is a mandatory duty on the defendant seeking a change of venue to file points and authorities in support of the motion under Rule

XIX of the rules governing the business of the superior court. (213 Cal. lxxxviii.)

Defendant contends that in making his motion he complied with the provisions of section 396 of the Code of Civil Procedure, which section makes no requirement of filing points and authorities, and that the court rule invoked against him deprives him of a statutory right and is therefore void. It is true that a rule inconsistent with a statute can have no validity; but the mere fact that the rule goes beyond the statutory provision does not make it inconsistent therewith. In *Helbush* v. *Helbush,* 209 Cal. 758 [290 Pac. 18], the defendant applied for a final decree of divorce without filing the affidavit required by Rule XXVI. This court gave full consideration to the extent of the rule-making power of the Judicial Council, and held the particular rule valid and not inconsistent with the statute. We said (p. 764): ''Neither party has the right to a final decree and the court has no right to enter the same, except upon the existence of certain facts. When those facts exist the right to have the final decree entered accrues. How shall those facts be made to appear? Without the required affidavit the court must depend upon the oral representation of the party applying for the final decree or upon his own knowledge with reference thereto obtained either upon an investigation on its own account or under its direction. The rule provides the method by which the facts may be disclosed and it would seem to be a reasonable regulation to that end. No unreasonable hardship is placed upon the applicant to require that he make a showing of the essential facts in this manner.''

This reasoning is completely applicable here. Appellant had a statutory right to a change of venue upon a proper showing of grounds therefor; and the rule requiring points and authorities is a reasonable provision in furtherance of the statutory purpose. No possible hardship can fall upon the party who must comply with the rule; and appellant makes no claim to that effect.

The order is affirmed.