[Civ. No. 3575.   Fourth Dist.   Mar. 23, 1948.]

CARL A. WEBER, Respondent, v. EDITH WEBER
PURDY, Appellant.

Kendall, Howell & Deadrich for Appellant.

Dorris, Fleharty & Phillips for Respondent.

BARNARD, P. J.—This is an appeal from an order deny-
ing the defendant's motion for a change of venue.

The complaint alleges that the plaintiff and defendant
are the parents of three minor children; that for more than
a year prior to December, 1945, they all resided in Kern
County; that in December, 1945, the defendant deserted
and abandoned the plaintiff and said children; that these
children have remained with the plaintiff in Kern County;
that the defendant obtained a decree of divorce from the
plaintiff in Nevada in March or April, 1946, which decree
contains no provision respecting the care, custody and con-
trol of said minor children; that the defendant has remar-
ried and since the divorce decree has resided in ·Marin
County or in counties other than the county of Kern; that
plaintiff is a fit and proper person to have the care, custody
and control of these children; and that the defendant is not
a fit and proper person to have such care, custody and con-
trol.   The prayer is that the care, custody and control of
these children be awarded to the plaintiff.

The defendant filed a demurrer and also a motion for
change of venue to Marin County with her affidavit which

recites only that she has a meritorious defense to the action, and that she was at the time the action was begun, and ever since has been, a resident of the county of Marin. No memorandum of points and authorities were served or filed.

The court denied the motion for a change of venue and this appeal followed. The only point raised is that the order was erroneously entered since section 395 of the Code of Civil Procedure provides that the county of defendant's residence is the proper place for the action to be tried. The respondent relies on the appellant's failure to comply with rule XIX of the Rules of the Superior Court, which provides that a memorandum of points and authorities relied on must be served and filed with the notice of motion. Under almost exactly similar circumstances the Supreme Court in *Butterfield* v. *Butterfield*, 1 Cal.2d 227 [34 P.2d 145], affirmed an order denying a motion for change of venue. It was there said: "Appellant had a statutory right to a change of venue upon a proper showing of grounds therefor; and the rule requiring points and authorities is a reasonable provision in furtherance of the statutory purpose. No possible hardship can fall upon the party who must comply with the rule; and appellant makes no claim to that effect."

Under authority of that case, the order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.