[Civ. No. 18849.   Second Dist., Div. Two.   Mar. 12, 1952.]

JACOB CONAE, Appellant, v. ALTA MARIE CONAE, Respondent.

Leola Buck Kellogg and Montgomery G. Rice for Appellant.

McLaughlin & Casey for Respondent.

McCOMB, J.—Plaintiff appeals from an order fixing alimony, attorney's fees and costs, pendente lite, on the ground that he did not receive proper notice of the hearing at which the order was made.

*Facts*: On May 8, 1951, plaintiff filed suit to annul his marriage to defendant.

July 27, 1951, defendant filed her answer.  At the same time she filed an affidavit as a predicate for alimony, attorney's fees and costs pendente lite.

An order to show cause was issued pursuant to the affidavit

fixing the date of hearing as August 8, 1951. Among other things the order contained this provision: "(3) This òrder shall be served by personally delivering a copy thereof attached to a copy of the affidavit upon which it is based, together with a copy of the Form denominated 'Husband's Questionnaire,' to the party affected at least five days prior to the date of hearing." The order to show cause was served on plaintiff's attorney but was never served personally upon plaintiff.

At the time of the hearing the court made the order from which the present appeal is taken.

█ *Questions:* First: *Did the trial court have jurisdiction to make an order fixing temporary alimony, attorney's fees and costs pendente lite notwithstanding the order to show cause was not served on plaintiff personally?*

*Yes.* Section 1015 of the Code of Civil Procedure reads in part as follows: "But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except service of subpoenas, of writs, and other process issued in the suit, and of papers to bring·him into contempt. . . ."

In the present case plaintiff had appeared in the action through an attorney and the foregoing provision of section 1015, Code of Civil Procedure, authorized the service of the notice of motion for alimony·pendente lite, etc., upon his attorney. (*Moore* v. *Superior Court,* 203 Cal. 238, 242 [263 P. 1009]; *Reynolds* v. *Reynolds,* 21 Cal.2d 580, 583 [1] [134 P.2d 251]; *Benway* v. *Benway,* 69 Cal.App.2d 574, 582 [8] [159 P.2d 682].)

█ Second: *Was the provision in the order to show cause that notice be served personally upon plaintiff a nullity and void?*

*Yes.* Section 1015 of the Code of Civil Procedure prescribes the method of service of the notice of motion here in question, and it makes no provision that it shall be served upon the party personally.

█ A court may not by rule change or add to procedural requirements established by statutory provision. An order attempting to add requirements to those prescribed by a statute is to such an extent a nullity and void. (*Cf. Butterfield* v. *Butterfield,* 1 Cal.2d 227, 228 [34 P.2d 145]; *Henry* v. *Willett,* 60 Cal.App. 244, 252 [212 P. 698].) Therefore since the provision in the court's order that it be served upon plaintiff

personally was a nullity it was properly disregarded at the time of the hearing.

*Armstrong* v. *Superior Court,* 63 Cal. 410 and *Hayes* v. *Butler,* 25 Cal.App. 743 [145 P. 553], deal with actions where the court was granted a discretion as to the relief to be allowed and was entitled to make conditions as a prerequisite to the granting of relief. Such cases are not here in point.

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1952. Carter, J., was of the opinion that the petition should be granted.