[L. A. No. 27968.   In Bank.   Aug. 31, 1964.]

REGINA F. ADAMS, Petitioner, v. WILLIAM G. SHARP, as County Clerk, etc., Respondent.

Harry R. Roberts for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

McCOMB, J.—This is a petition for a writ of mandamus to require respondent, as Clerk of the Superior Court of Los Angeles County, to comply with an order of such superior court to accept letters testamentary bearing the oath of office of petitioner taken before a notary public in the State of Indiana.

*Facts*: Petitioner is a nonresident of the State of California and absent therefrom. On February 10, 1964, she, through her attorney of record, petitioned the Superior Court of Los Angeles County in a proceeding entitled "In the Matter of the Estate of Grace Funderburg, also known as Grace V. Funderburg, Deceased," in which she alleged that said Grace Funderburg died on July 24, 1962, while a resident of the County of Wabash, State of Indiana, and that said decedent left property in the County of Los Angeles, State of California, and asked that the decedent's will be admitted to probate by the Superior Court of Los Angeles County and that she be appointed executrix thereof.

On February 28, 1964, the superior court made its order admitting the will to probate and appointing petitioner as executrix thereof upon giving a bond in the sum of $3,000 corporate or $6,000 personal sureties.

Thereafter, petitioner filed a corporate surety bond in the sum of $3,000 issued by a surety company authorized to do business in the State of California, together with a statement of permanent address, as required by the provisions of section

405.2 of the Probate Code, showing petitioner's permanent address as 1220 Pickwick Place, Indianapolis, Indiana. This statement was duly acknowledged by petitioner before a notary public of the State of Indiana, County of Marion.

On May 1, 1964, petitioner, through her attorney, presented to respondent letters testamentary, on the form currently in use by the superior court, and bearing the oath of office subscribed by petitioner before a notary public of the State of Indiana, County of Marion, and with a jurat attached thereto signed and sealed by the notary public with an attached exemplification issued by the Clerk of the County of Marion, State of Indiana, and ex officio Clerk of the Circuit Court for said county and state, attesting that the notary public was at the time authorized by the laws of the state to administer oaths and certifying the signature of the notary public was genuine and the jurat was executed and acknowledged according to the laws of the State of Indiana.

On May 1, 1964, respondent refused to accept the letters testamentary for filing in the probate proceedings and advised petitioner's attorney that the same did not conform to Los Angeles Probate Policy Memorandum 112,* that is, that the oath of office of petitioner was not subscribed within the State of California as required by said memorandum.

On May 8, 1964, the superior court, at petitioner's request, issued an order in the probate proceedings instructing and directing respondent to file the letters testamentary notwithstanding the fact that they did not comply with Probate Policy Memorandum 112.

On May 12, 1964, respondent refused to comply with the order of the superior court.

▮ *Question: Does an order of the superior court in conflict with a local rule of court but expressly waiving compliance with such rule take precedence over the conflicting rule of court?*

*Yes.* ▮ Rules of court are but a means to accomplish the ends of justice, and it is always in the power of the court to suspend its own rules, or to except a particular case from their operation, whenever the purposes of justice require.

---

*Los Angeles Probate Policy Memorandum 112 states: "The Judges approve the position taken by the County Clerk pursuant to the opinion given him by the County Counsel that it is not his duty to receive or file the qualifying oath of a guardian, executor, or administrator if it appears from the jurat that the oath was administered outside of the State of California."

(*Pickett* v. *Wallace,* 54 Cal. 147, 148; *Ansco Const. Co.* v. *Ocean View Estates, Inc.* 169 Cal.App.2d 235, 241 [337 P.2d 146].)

In the appointment of an executor, his qualification consists of merely subscribing to his oath of office and furnishing any bond required by the order of appointment.

Section 540 of the Probate Code merely provides that before letters testamentary issue, the executor must take and subscribe ''an oath'' that he will perform according to law the duties of his office, which oath must be attached to the letters.

There is no requirement by the statute that this qualifying oath be subscribed while the executor is physically present within the state.

The rules of the Judicial Council promulgated for the superior courts (Cal. Rules of Court) are similarly silent on the place of subscription of the oath.

An oath of office subscribed outside the state is no less an oath of office than one subscribed within the state. The place of its subscription, whether inside or outside the state, neither militates against nor adds to its dignity or legal effect.

There is nothing in *In re Brown,* 80 Cal. 381 [22 P. 233], or *Estate of Kelley,* 182 Cal. 81 [186 P. 1041], contrary to the above stated rules.

Let a writ of mandamus issue directing respondent to comply with the order of the superior court and to file petitioner's letters testamentary.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.