[Civ. No. 26744. Fourth Dist., Div. One. Aug. 15, 1983.]

EDWIN KAPITANSKI, Plaintiff and Appellant, v.
VON'S GROCERY COMPANY, INC., Defendant and Respondent.

## COUNSEL

Zubel & Van Dusen and Stanley F. Zubel for Plaintiff and Appellant.

McLaughlin & Irvin, Lawrence J. McLaughlin and Richard H. Loomis for Defendant and Respondent.

## OPINION

**WIENER, J.**—Plaintiff Edwin Kapitanski appeals the summary judgment in favor of defendant Von's Grocery Company, Inc. The narrow question here is whether the trial court properly refused to consider Kapitanski's

statements in his declaration opposing Von's motion because his declaration was filed the day before the hearing rather than two days before as required by the San Diego County Superior Court Rules.[1] We explain the trial court's inquiry as to whether it should consider Kapitanski's untimely declaration was equivalent to the court's consideration of a Code of Civil Procedure section 473[2] motion for relief from excusable neglect. We conclude in failing to consider all relevant criteria under that section and focusing on a single factor unsupported by the record the court abused its discretion. We therefore reverse the judgment.

*Procedural Background*

Kapitanski sued Von's for firing him without good cause, contrary to the provisions of the union agreement under which he was employed. Von's served Kapitanski with a request for admissions under section 2033. Thirty-three days later Von's mailed Kapitanski a notice of facts deemed admitted because Kapitanski failed to respond within the statutory 30-day period. (§ 2033, subd. (a).) Kapitanski mailed his answers to Von's request on the 36th day. Von's then moved for summary judgment, setting the hearing for November 25, 1981, at 2 p.m. Von's included in its moving papers a declaration by Kenneth Neuharth, the Von's manager who terminated Kapitanski. Von's also requested the court to consider the facts deemed admitted by Kapitanski's failure to timely respond to its request for admissions. On November 24 at 2:42 p.m. Kapitanski filed his declaration and points and authorities opposing Von's motion. Kapitanski's declaration created triable issues of fact regarding the circumstances giving rise to his discharge.[3] At the hearing on November 25 the court asked whether there were any opposing papers. Von's objected to the court's receipt of Kapitanski's papers because they were not timely filed under local court rules. Those rules require opposing papers to be filed no later than 4:30 p.m. two court days before the day of a hearing. (See fn. 1, *ante.*) In refusing to consider Kapitanski's untimely papers, the court said: "On the face of it, it would appear

---

[1]Division 5, sections 1(d) and (e) of the San Diego County Superior Court Rules provide: "(d) Responding, supplemental, or opposition papers, and proof of service of any notice of motion, order to show cause, demurrer and supporting papers thereof must be served and filed with the court clerk in the law and motion department in which the matter is to be heard no later than 4:30 p.m. two court days before the day of the hearing.

"(e) Failure to file a paper, within such time as is provided in these rules or as may be designated by the Court, may be deemed a waiver of such paper by the party."

[2]All statutory references are to the Code of Civil Procedure.

[3]Kapitanski declares that even though it appears he was discharged with good cause, the facts are that his immediate supervisors authorized him to show up late for work on a couple of occasions and to fill out his time card by hand a few days following the days of his work, all contrary to Von's general rules and regulations. Whether we believe Kapitanski's explanations will be well received at trial is beyond the scope of this proceeding.

that [Kapitanski] has had an abundance of remedies to pursue. I'm not motivated to bend over backwards to bend our rules to permit him to continue to pursue them. [¶] Motion to file papers will be denied, and on that ground the summary judgment is well taken. Motion will be granted."[4]

*Discussion*

■ "Local court rules and policies have the force of procedural statutes, so long as they are not contrary to legislative enactments. [Citations.]" (*Shadle* v. *City of Corona* (1979) 96 Cal.App.3d 173, 177 [157 Cal.Rptr. 624].) The court here, in strict adherence to its local rules, could have summarily rejected Kapitanski's untimely declaration. Judges, however, generally prefer to avoid acting as automatons and routinely reject requests by counsel to function solely in a ministerial capacity. Rigid rule following is not always consistent with a court's function to see that justice is done. Cognizant of the strong policy favoring the disposition of cases on their merits (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854-855 [48 Cal.Rptr. 620, 409 P.2d 600]; *Slusher* v. *Durrer* (1977) 69 Cal.App.3d 747, 753-754 [138 Cal.Rptr. 265]), judges usually consider whether to exercise their discretion in applying local court rules and frequently consider documents which have been untimely filed. Judges are well aware of the unnecessary burdens placed on courts and counsel when strict compliance with local procedural rules results in the expenditure of unnecessary time and money for the preparation of later section 473 motions. ■ To avoid such burdens here the court declined counsel's request to summarily reject Kapitanski's declaration and instead considered whether to receive it in contravention of applicable local rules. In practical effect the court evaluated whether a later motion under section 473 for relief from summary judgment should be granted. In so doing, however, the court obligated itself to properly exercise its discretion by considering all factors relevant to granting relief under section 473.

■ In applying the statutory grounds for relief under section 473 trial courts must consider the specific contexts in which such motions arise and should employ a flexible rather than rigid or formalistic approach to deci-

---

[4]The court relied solely on Neuharth's declaration to decide the merits of Von's summary judgment motion. Probably due to concern over the effect, if any, of the prematurity of Von's notice of facts deemed admitted (see § 1013, subd. (a); *Taylor* v. *Jones* (1981) 121 Cal.App.3d 885, 888-889 [175 Cal.Rptr. 678]; see also *Zorro Inv. Co.* v. *Great Pacific Securities Corp.* (1977) 69 Cal.App.3d 907, 920 [138 Cal.Rptr. 410]), the court considered neither Von's request for admissions nor Kapitanski's untimely answers. As the court explained, ". . . even without the admissions, we still have an affidavit here, a declaration setting forth the reasons for the discharge, which, if uncontroverted, would support the motion for summary judgment. . . ."

sionmaking. Even without an empirical study it is apparent that appellate courts are more inclined to affirm orders resulting in trials on the merits than orders denying relief from defaults. (*Weitz* v. *Yankosky, supra,* 63 Cal.2d at p. 854; *Slusher* v. *Durrer, supra,* 69 Cal.App.3d at p. 753.) An attorney's neglect in untimely filing opposing papers must be evaluated in light of the reasonableness of the attorney's conduct. (*Robinson* v. *Varela* (1977) 67 Cal.App.3d 611, 615-616 [136 Cal.Rptr. 783].) In circumstances such as those present here trial courts must also consider the propriety of strictly enforcing local procedural rules. The salutary purpose of such rules regulating the filing of opposing papers is to ". . . ensure that the court and the parties will be familiar with the facts and the issues so that meaningful argument can take place and an informed decision rendered at the earliest convenient time." (*Shadle* v. *City of Corona, supra,* 96 Cal.App.3d at pp. 178-179.) Also pertinent are the effects of strict enforcement on the rights of the parties and the furtherance of justice. (*Slusher* v. *Durrer, supra,* 69 Cal.App.3d at pp. 754-755; see also *Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 90 [9 Cal.Rptr. 405].)

At the summary judgment hearing on Wednesday, November 25, Kapitanski's lawyer said she had been retained the preceding Friday. Her neglect consisted of filing Kapitanski's opposing papers on Tuesday at 2:42 p.m. rather than on Monday at 4:30. Given the short time available in which to act, counsel's conduct appears to have been reasonable. (See *Robinson* v. *Varela, supra,* 67 Cal.App.3d at p. 616.) More importantly, Von's has not shown it will suffer prejudice or that injustice will result from proceeding to a trial on the merits. (See *Slusher* v. *Durrer, supra,* 69 Cal.App.3d at pp. 754-755.) If the court here believed its receipt of Kapitanski's untimely declaration would have prejudiced Von's, it could have continued the hearing and ordered Kapitanski to pay reasonable costs. (See §§ 473, 594a; see also § 1024.) Instead, the court focused solely on the apparent availability to Kapitanski of other remedies, a fact alleged in Von's pleadings but not otherwise established by the record. In failing to evaluate all factors relevant to its section 473 ruling, particularly where the inconvenience to the court and counsel appears relatively insignificant compared to the substantial prejudice to Kapitanski resulting from an adverse judgment, we conclude the court abused its discretion when it refused to read and consider Kapitanski's declaration.

*Disposition*

Judgment reversed.

Brown (Gerald), P. J., and Butler, J., concurred.