MURRAY, J., Concurring.
I concur in the result.
I write separately because I disagree with the majority’s analysis in part II of the Discussion, in which the majority invalidates a local rule of court in its entirety.
The majority invalidates the Superior Court of Placer County, Local Rules, rule 30.7 (local rule 30.7), which provides that no marital settlement agreement (MSA) involving an unrepresented litigant “will be approved” unless the unrepresented party’s signature is notarized or acknowledged by the clerk,[1] and the signature appears below the following notice: “ ‘The undersigned party has been advised to consult an attorney regarding the subject matter of this agreement, but has declined to do so.’ ”[2] (Id., subd. B.) Clark contends the written MSA is invalid because it does not meet these requirements. In cursory briefing concerning the validity of the rule, consisting of a single sentence that essentially mirrors the cryptic argument advanced in the trial court,[3] Anna contends that the local rule is invalid because a single requirement of the rule—the notary requirement—conflicts with Code of Civil Procedure section 664.6. The majority, on the other hand, concludes that the local rule is invalid because it imposes two requirements—the notary and the right to counsel admonition requirements—which are in addition to procedures in Family Code section 2550, Code of Civil Procedure section 664.6 and Evidence Code section 1123. (Maj. opn., ante, at pp. 894-895, 898-900.)
I conclude that it is unnecessary to reach the validity of the rule, because the trial court impliedly found that the interest of justice requires that the rule not be applied here. Furthermore, the notary requirement is not inconsistent *905 with statute; rather, it advances the statutory purposes. I decline to address the right to counsel admonition requirement, because it was not asserted as a ground for invalidating the rule by Anna in the trial court, so the trial court could be given an opportunity to rule on the issue, and it was not asserted by Anna on appeal.
I. Excusing Noncompliance with a Local Rule of Court
Clark complains that “[u]nder the plain language of Local Rule 30.7, the trial court had no authority to approve the [MSA] or the provisions therein,” and the trial court violated the rule by entering a judgment based on an MSA that does not comply with the rule.
Our high court long ago observed, “Rules of Court should be framed in furtherance of justice; but they may sometimes, if strictly adhered to, work the other way. They are always under the control of the Court, and if there is any reason to apprehend the latter result, they should be made to yield to the superior calls of justice.” (People v. Williams (1867) 32 Cal. 280, 287.) Thus, “it is always in the power of the court to suspend its own rules, or to except a particular case from their operation, whenever the purposes of justice require.” (Adams v. Sharp (1964) 61 Cal.2d 775, 777 [40 Cal.Rptr. 255, 394 P.2d 943].)
The Supreme Court has never retreated from this view. To the contrary, the rule was reinforced in Mann v. Cracchiolo (1985) 38 Cal.3d 18 [210 Cal.Rptr. 762, 694 P.2d 1134] {Mann). In Mann, our high court concluded that, under the circumstances of that case, the trial court abused its discretion by applying a local rule of court to reject a declaration filed in opposition to a summary judgment motion on the ground that it was not filed within the time period set forth in a local rule. (Mann, supra, 38 Cal.3d at p. 28.) In concluding that the trial court abused its discretion, our high court cited and discussed Kapitanski v. Von’s Grocery Co. (1983) 146 Cal.App.3d 29 [193 Cal.Rptr. 839]. Faced with a similar issue, the Kapitanski court noted, “Rigid rule following is not always consistent with a court’s function to see that justice is done.” (Kapitanski, supra, 146 Cal.App.3d at p. 32.) Our high court repeated its observations from Mann and the quoted language from Kapitanski in Elkins v. Superior Court, supra, 41 Cal.4th at pp. 1351, 1364 (Elkins). Other courts have followed the rule that courts may suspend or except cases from the requirements of local rules when it is in the interest of justice to do so. (See Estate of Cattalini (1979) 97 Cal.App.3d 366, 371 [158 *906 Cal.Rptr. 640]; 2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 207, Power of Court To Deviate, p. 292.)[4] This principle appears well settled.
I would apply this venerable principle here. I conclude that the trial court had the authority to excuse noncompliance with local rule 30.7 because it was in the obvious interests of justice to do so. Indeed, similar to Mann, under the circumstances of this case, it would have been an abuse of discretion for the trial court to apply the local rule to invalidate the MSA. There was no dispute as to whether each party signed the MSA; to the contrary, both parties acknowledged that the signatures on the MSA were theirs. Thus, as the trial court noted, the purpose of the notary requirement—to establish that the signatures are genuine—was fulfilled. Further, the Rules of Procedure for Christian Conciliation required that the parties be advised of their right to counsel, and that was done here before the parties entered into the agreement.
In my view, the trial court’s ruling is appropriately affirmed on this basis. We need not reach the underbriefed issue of the validity of the local rule.
II. Validity of Local Rule of Court 30.7
Anna contends that the notary requirement in local rule 30.7 conflicts with Code of Civil Procedure section 664.6. (See fn. 7, post.) As in the trial court, no other theories for invalidating the rule have been advanced in Anna’s appellate briefing; she does not cite other portions of the rule which purportedly conflict with the statute and she cites no other statutes.[5]
Government Code section 68070, subdivision (a) authorizes local courts to establish rules that are “not inconsistent’ with statute. (Italics added.) Accordingly, “local courts may not create their own rules of evidence and procedure in conflict with statewide statutes.” (Elkins, supra, 41 Cal.4th at p. 1352, italics added.)
However, our high court long ago observed in Butterfield v. Butterfield (1934) 1 Cal.2d 227 [34 P.2d 145] (Butterfield), “the mere fact that the rule goes beyond the statutory provision does not make it inconsistent therewith.” (Butterfield, supra, at p. 228.) The Butterfield court upheld a local rule *907 requiring points and authorities supporting change of venue motions, reasoning that the rule was “a reasonable provision in furtherance of the statutory purpose.” {Ibid.) Thus, as Butterfield illustrates, a local rule can impose requirements in addition to statute without being inconsistent with statute.
Despite the fact that Anna has contended in this appeal only that the notary requirement of the rule conflicts with Code of Civil Procedure section 664.6, the majority invalidates local rule 30.7 in its entirety on the basis that the rule imposes requirements in addition to those set forth in three statutes, two of which were not asserted by Anna: (1) Family Code section 2550,[6] which provides that a court shall divide community property equally, except upon the written agreement or oral stipulation of the parties; (2) Code of Civil Procedure section 664.6,[7] which provides that a court “may” enter judgment pursuant to the terms of a written settlement “signed by the parties” or an oral stipulation before the court; and (3) Evidence Code section 1123, which addresses the admissibility of written mediated settlement agreements.[8] (Maj. opn., ante, at p. 895.)
A. Validity of the Notary Requirement
The majority invalidates local rule 30.7 on the ground that it imposes requirements in addition to Family Code section 2550 and Code of Civil Procedure section 664.6.
Family Code section 2550 (see fn. 6, ante) begins, “Except upon the written agreement of the parties.” (Italics added.) Code of Civil Procedure section 664.6 (see fn. 7, ante) provides in pertinent part, “If parties to pending litigation stipulate, in a writing signed by the parties . . . .” (Italics added.) As can be seen by the italicized language, a necessary predicate to *908 approving a written agreement of the parties under Family Code section 2550 and Code of Civil Procedure section 664.6 is the court’s finding that the parties have, indeed, entered into the written agreement.
As the trial court noted, the purpose of the notary requirement for unrepresented parties in local rule 30.7 is to ensure that the signatures are genuine. This gives the court assurance that an unrepresented party actually agreed to a written settlement and that a signature has not been forged. It also prevents an unrepresented party from seeking to invalidate the agreement by fraudulently claiming not to have been the person who signed the agreement.
In Butterfield, a trial court presiding over an action for divorce denied the defendant’s motion for change of venue on the ground that the defendant failed to file points and authorities as required by a local rule of court. On appeal, the defendant contended that because the Code of Civil Procedure provision governing venue did not require points and authorities, invoking the local rule against him deprived him of a statutory right. Our high court wrote, “It is true that a rule inconsistent with a statute can have no validity; but the mere fact that the rule goes beyond the statutory provision does not make it inconsistent therewith.” (Butterfield, supra, 1 Cal.2d at p. 228, italics added.) The court reasoned, “Appellant had a statutory right to a change of venue upon a proper showing of grounds therefor; and the rule requiring points and authorities is a reasonable provision in furtherance of the statutory purpose. No possible hardship can fall upon the party who must comply with the rule; and appellant makes no claim to that effect.” (Ibid., italics added.)
Likewise, parties have the right to a court’s acceptance of a written MSA under Family Code section 2550 and also have the right to avail themselves of Code of Civil Procedure section 664.6, but only upon a proper showing to the court’s satisfaction that both parties have actually agreed to the MSA. It can hardly be argued that either party is entitled to have the court blindly approve an MSA in the absence of a showing that both sides have actually agreed to the written agreement presented to the court. Like the rule in Butterfield, the notary requirement in local rule 30.7 goes beyond the statutory provisions, but the rule is not inconsistent with statute. Rather, the rule is a reasonable provision in furtherance of the statutory purpose.
The majority cites several cases related to Family Code section 2550, a statute not identified by Anna in the trial court or on appeal, as in conflict with local rule 30.7. These cases are cited for the proposition that under Family Code section 2550, a trial court “must” accept written or oral stipulations of the parties concerning the division of property, even if the division is lopsided; “[t]he court’s ‘only role with regard to a proper stipulated disposition of marital property is to accept the stipulation and, if *909 requested, to incorporate the disposition into the judgment.’ ” (In re Marriage of Dellaria & Blickman-Dellaria (2009) 172 Cal.App.4th 196, 201 [90 Cal.Rptr.3d 802], italics omitted & added (Dellaria), quoting In re Marriage of Cream (1993) 13 Cal.App.4th 81, 91 [16 Cal.Rptr.2d 575] (Cream)-, accord, Mejia v. Reed (2003) 31 Cal.4th 657, 666 [3 Cal.Rptr.3d 390, 74 P.3d 166].) However, there is nothing in these cases or in Family Code section 2550 that prevents a court from adopting procedures to ensure that a written document with which it is presented is, in fact, an agreement reached by the parties by requiring that the signatures be notarized. Indeed, the use of the phrase “proper stipulated disposition” in Cream and Dellaria implies that the court should make a preliminary factual finding before accepting the agreement, at least as to whether the parties have truly signed off on the stipulation.
Similar to Family Code section 2550, the plain language of Code of Civil Procedure section 664.6 (see fn. 7, ante) requires the trial court to determine that the parties have agreed to the stipulated resolution. Indeed, the statutory language, “signed by the parties,” must be read as a requirement that the trial court assure itself that the written agreement has been signed by both parties. Thus, while Code of Civil Procedure section 664.6 provides an expeditious method of enforcing agreements, the trial court cannot blindly accept the agreement. As the majority notes, “ ‘The Legislature created [the section 664.6] procedure to benefit not only parties but also the justice system, relieving it of the burden of more time-consuming and expensive processes.’ (Provost v. Regents of University of California (2011) 201 Cal.App.4th 1289, 1298 [135 Cal.Rptr.3d 591].)” (Maj. opn., ante, at p. 898.) Providing conclusive proof of the validity of a party’s signature before the court approves the agreement is consistent with the statutory purpose, because it prevents fraud and set-aside motions based on claims of forged signatures and fraudulent claims of forgery.[9]
The majority acknowledges the Butterfield rule, which allows courts to enact local rules that go beyond the provisions related to statute as long as any such rule is “a reasonable provision in furtherance of the statutory purpose.” (Butterfield, supra, 1 Cal.2d at p. 228.) But quoting Trans-Action *910 Commercial Investors, Ltd. v. Firmaterr, Inc. (1997) 60 Cal.App.4th 352, 364 [70 Cal.Rptr.2d 449] (Trans-Action), the majority goes on to write, “ ‘However, if a statute even implicitly or inferentially reflects a legislative choice to require a particular procedure, a rule of court may not deviate from that procedure.’ ” (Maj. opn., ante, at p. 896.) This quote from Trans-Action is inapposite here. First, the Legislature has not identified a procedure by which trial courts are to assure themselves that the signatures on MSA’s are, in fact, those of the parties. Second, the notary requirement does not deviate from Family Code section 2550 or Code of Civil Procedure section 664.6; to the contrary, as I have noted, the rule furthers the statutory purposes of those statutes by providing a mechanism for the trial court to determine the parties have agreed to the written agreement presented to the court.
The thrust of the majority’s opinion is that local rule 30.7 is invalid because it imposes requirements in addition to those required by statute. Invalidating a rule solely on this basis is unprecedented and contrary to statutory and decisional law, which allow local rules that are not inconsistent with statute. The ramifications for the rule of law announced by the majority are far reaching. The majority cites two cases for its “in addition to” rule, Hogoboom v. Superior Court (1996) 51 Cal.App.4th 653 [59 Cal.Rptr.2d 254] (Hogoboom) and Conae v. Conae (1952) 109 Cal.App.2d 696, 697 [241 P.2d 266] (Conae).
Hogoboom involved a local rule that imposed fees for mediation services. That case was decided on two grounds: preemption and traditional statutory interpretation. In holding that the local fee rule was preempted by state law, the Hogoboom court noted a number of statutes and legislative history evincing legislative intent to occupy the field of court fees. Accordingly, the Hogoboom court invalidated the local rule because it imposed a requirement in addition to state statute, but the requirement was additional fees beyond those authorized by statute. (Hogoboom, supra, 51 Cal.App.4th at pp. 656-669.)
The Hogoboom court also noted that Government Code section 68070, subdivision (a)(1) expressly prohibits a court from enacting local rules which impose “ ‘any . . . charge . . . upon any legal proceeding.’ ” (Hogoboom, supra, 51 Cal.App.4th at p. 669.) Employing traditional statutory interpretation rules, the Hogoboom court held that Government Code section 68070, subdivision (a)(1) prohibited the local fee. (Hogoboom, supra, 51 Cal.App.4th at pp. 669-671.)
Hogoboom does not support a blanket prohibition of local rules that impose requirements in addition to statute.
*911 Conae did not involve a local rule. In Conae, a trial court issued an order to show cause and directed that the order and accompanying documents be personally served on the opposing party, who was represented by counsel. (Conae, supra, 109 Cal.App.2d at p. 697.) On appeal, the court noted that the applicable method of notice and service was governed by Code of Civil Procedure section 1015, and that statute did not require personal service on a party. Accordingly, the appellate court held that that portion of the trial court’s order was a nullity and properly disregarded at the time of the hearing. The appellate court, in arriving at this conclusion, stated the language cited by the majority here—“A court may not by rule change or add to procedural requirements established by statutory provision. An order attempting to add requirements to those prescribed by a statute is to such an extent a nullity and void.” (Conae, supra, 109 Cal.App.2d at p. 697.)
The addition made in Conae was not just in addition to statute, it was also inconsistent with statute. The trial court’s requirement that the order to show cause be served on the opposing party conflicted with Code of Civil Procedure section 1015, which provided that when a party is represented, service must be “ ‘upon the attorney instead of the party.’ ” (Conae, supra, 109 Cal.App.2d at p. 697.) The Conae court’s statement that “[a] court may not . . . add to procedural requirements established by statutory provision” is overbroad. No court has cited Conae in the 60 years since its publication for the proposition that a local rule is invalid if it goes beyond a statute by adding requirements, even if the rule is not inconsistent with statute.[10] Indeed, no case was cited by the Conae court as authority for the overbroad language relied upon by the majority here. As the majority notes (maj. opn., ante, at p. 899), the *912 Conae court merely cited Butterfield and Henry v. Willett (1922) 60 Cal.App. 244 [212 P. 698] {Henry) for comparison purposes. (Conae, supra, 109 Cal.App.2d at p. 697.)
In Henry, this court reversed a trial court order denying a change of venue motion. {Henry, supra, 60 Cal.App. at pp. 245, 252.) The opposing party objected in the trial court based on several grounds, one of which was that the motion had not been calendared on a regular law and motion day designated by a local rule of court. {Id. at p. 248.) This court wrote, “As to the objection to the hearing of the motion on the ground that it was not made on a regular law day, fixed by the rules of the superior court of Siskiyou County, the answer is that the rules of the courts cannot be invoked to control or be substituted for statutory provisions as to procedure.” {Henry, supra, 60 Cal.App. at p. 252, italics added.) Clearly, rules that control or replace statutory provisions are inconsistent with statute. But that is not what we have here. In any event, Henry does not support a blanket prohibition against rules that go beyond statute by adding requirements that are not inconsistent with statute.
When possible, rules of court should be construed in a manner that maintains their consistency with statutory requirements. {Trans-Action, supra, 60 Cal.App.4th at p. 365.) I read the notary requirement as completely consistent with Family Code section 2550 and Code of Civil Procedure section 664.6.
Our high court noted in Elkins, “[a] common theme in the appellate decisions invalidating local rules ... is that a local court has advanced the goals of efficiency and conservation of judicial resources by adopting procedures that deviated from those established by statute, thereby impairing the countervailing interests of litigants as well as the interest of the public in being afforded access to justice, resolution of a controversy on the merits, and a fair proceeding.” (Elkins, supra, 41 Cal.4th at p. 1353, italics added.) Here, that common theme is not present.
As the Judicial Council’s Elkins Family Law Task Force[11] noted in its final report, “Statewide family law rules do not address many areas of practice, and thus trial courts have developed rules and procedures to address the gaps.” (Judicial Council of Cal., Admin. Off. of Cts., Elkins Family Law Task Force: Final Report and Recommendations (Apr. 2010) p. 30.) Unless and until the Judicial Council adopts statewide rules to fill these gaps as recommended by the task force, trial courts should be allowed the flexibility *913 afforded by the Legislature in Government Code section 68070, subdivision (a) to create local rules as long as such rules are not inconsistent with statute or Judicial Council rule. I realize, as noted by the task force, that “local rules may serve as traps for the unwary.” (Elkins Family Law Task Force: Final Report and Recommendations, supra, at p. 30.) But no such trap is presented by a requirement that a self-represented party’s signature on an MSA be notarized or that the party acknowledge the signature before a clerk, as a way to establish that the parties have, indeed, agreed to what is presented to the court.
B. Right to Counsel Admonition
I decline to comment on the validity of the right to counsel admonition component of local rule 30.7. As I have noted, Anna did not assert an alleged conflict involving this component of the rule in the trial court; therefore, the trial court was deprived of the opportunity to rule on this matter.[12] More importantly, Anna does not rely on this theory on appeal.[13] Therefore, I conclude any complaint that the right to counsel admonition requirement of local rule 30.7 conflicts with Family Code section 2550, Code of Civil Procedure section 664.6 or Evidence Code section 1123 is forfeited. (Browne v. County of Tehama (2013) 213 Cal.App.4th 704, 716 [153 Cal.Rptr.3d 62] [points not raised on appeal are forfeited]; Badie v. Bank of America (1998) 67 Cal.App.4th 779, 784—785 [79 Cal.Rptr.2d 273] [party waives points not raised on appeal and points not supported with reasoned argument].)
Moreover, even if this theory is not forfeited because of Anna’s failure to assert it both in the trial court and on appeal, I do not see how we can ground our opinion on the issue of a conflict between the right to counsel admonition component of the rule and the aforementioned statutes without affording the parties an opportunity to provide supplemental briefing. (See Gov. Code, § 68081 [before an appellate court renders a decision based upon an issue that was not proposed or briefed by any party to the proceeding, “the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing” (italics added)].)
*914 III. Conclusion
I agree that the trial court appropriately approved the MSA on the ground that it had the authority to do so in the interest of justice, notwithstanding that the MSA did not strictly comply with local rule 30.7. I disagree with the majority’s invalidation of local rule 30.7 and concur in all other respects.
A petition for a rehearing was denied November 14, 2013, and appellant’s petition for review by the Supreme Court was denied January 15, 2014, S214936.

 The rule provides these two means of verifying that signatures on a written agreement are, in fact, those of the parties. I shall refer to both means collectively as “the notary requirement.”

 I shall refer to this requirement as “the right to counsel admonition.”

 Under the heading in Anna’s brief, “AN AGREEMENT NEED NOT BE NOTARIZED TO BE ENFORCEABLE,” Anna’s entire argument on this issue on appeal is, “The local rule is in conflict with CCP 664.6 and must yield to it. Elkin [sz'c] v. Superior Court (2007) 41 Cal.4th 1337, 1351 [63 Cal.Rptr.3d 483, 163 P.3d 160].”
Anna’s argument in the trial court concerning the validity of local rule 30.7 was set forth in her written closing argument after hearing. The entire argument reads, “The local rule requiring notarization or attorney signature conflicts with CCP 664.6 and must yield to it. (Elkin [sic] v. Superior Court[, supra,] 41 Cal.4th 1337, 1351.”

 See Estate of Cooper (1970) 11 Cal.App.3d 1114, 1121-1122 [90 Cal.Rptr. 283] (noncompliance with Cal. Rules of Court was not reversible where there was no prejudice shown and the failure to comply did not work an injustice).

 While Clark points out the right to counsel admonition requirement in his effort to invalidate the MSA based on noncompliance with the rule’s requirements, Anna does not assert that that portion of the rule conflicts with statute. Anna only cites the notary requirement as conflicting with statute.

 Family Code section 2550 provides, “Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this division, in a proceeding for dissolution of marriage or for legal separation of the parties, the court shall, either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community estate of the parties equally.” (Italics added.)

 Code of Civil Procedure section 664.6 provides in pertinent part, “If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.” (Italics added.)

 The majority references Evidence Code section 1123, but does not explain how local rule 30.7 is inconsistent with that statute. (Maj. opn., ante, at pp. 898-899.) As Evidence Code section 1123 governs only the admissibility of a written mediated settlement agreement, not a judgment entered pursuant to an agreement, I see no inconsistency with local rule 30.7. The admissibility of a mediated settlement agreement is not affected by local rule 30.7, which applies to the court approving an agreement for purposes of a judgment. Consequently, I will not address Evidence Code section 1123 further here.

 There is a second reason for concluding that local rule 30.7 is not inconsistent with Code of Civil Procedure section 664.6. Unlike Family Code section 2550, a court is not required to accept a stipulated judgment under Code of Civil Procedure section 664.6. Code of Civil Procedure section 664.6 clearly states the court “may” accept the stipulated judgment. (See fn. 7, ante.) A “ ‘court cannot surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter.’ ” (California State Auto. Assn. Inter-Ins. Bureau v. Superior Court (1990) 50 Cal.3d 658, 664 [268 Cal.Rptr. 284, 788 P.2d 1156].) Thus, for the additional reason that trial courts may reject agreements submitted for approval under Code of Civil Procedure section 664.6, the notary provision is not inconsistent with that statute.

 In fact, there is only one published case citing Conae in the context of conflicts with local rules of court. In Albermont Petroleum, Ltd. v. Cunningham (1960) 186 Cal.App.2d 84 [9 Cal.Rptr. 405], on the day set for hearing on the plaintiff’s summary judgment motion, the defendant sought to file affidavits and other documents in opposition to the motion. The trial court refused to allow them to be filed on the ground that they were untimely under an unpublished local rule of court. The court granted the plaintiff’s motion and directed that judgment be entered for the plaintiff. (Albermont, supra, 186 Cal.App.2d at pp. 87-90.) Observing that Code of Civil Procedure section 473c, which governs summary judgment motion practice, imposed no time limit on the opposing party’s right to file counteraffidavits (Albermont, supra, at pp. 90-91), the appellate court reversed, concluding that the unpublished rule was “irreconcilable” with the provisions of Code of Civil Procedure section 437c (186 Cal.App.2d at p. 91) and thus, “inconsistent and in conflict with the procedural requirements established by statutory provisions” (id. at p. 93). The court cited Conae as one authority for the quoted language. Thus, even in the one case where Conae has been cited concerning a conflict between a local rule and statute, Conae was cited for the proposition that a rule is invalid if it is inconsistent and in conflict with statute. The Albemont court did not repeat Conae’s implication that a rule is invalid merely because it contains requirements in addition to statute.

 The Supreme Court suggested establishment of the task force in Elkins. (Elkins, supra, 41 Cal.4th at pp. 1346, 1369, fn. 20.) The court noted, “Such a task force might wish to consider proposals for adoption of new rules of court establishing statewide rules of practice and procedure for fair and expeditious proceedings in family law, from the initiation of an action to postjudgment motions.” (Id. at p. 1369, fn. 20.)

 This is no small matter. On one hand, the trial court may have agreed that the right to counsel admonition is inconsistent with statute, in which case the expenditure of considerable judicial resources by this court on the matter would have been avoided. On the other hand, a trial court’s ruling finding no conflict between the rule and statute would have provided this court with the trial court’s insight and a better record upon which to mle on the matter. (See Elkins, supra, 41 Cal.4th at pp. 1365-1369 [respondent court’s arguments in favor of the court’s local rule and the Supreme Court’s response to those arguments].) In any event, the trial court should not be bypassed. It should be given the first opportunity to weigh in on issues related to its own local rules.

 Also, as I have noted, Anna has never invoked Family Code section 2550 or Evidence Code section 1123 as statutes with which the local rule conflicts.